## WILLIAM LEADER vs. TELESPHORE PLANTE.

### Androscoggin.    Opinion July 3, 1901.

*Co-tenant.   Conversion.   Trover.   Partners.   Equity.*

A sale by one person of the goods of another is a conversion. If one co-tenant of a chattel sells the whole of it as his, his co-tenant may maintain trover against him for his share of the value.

A sale, or mortgage, by a copartner of his interest in the partnership assets passes to the purchaser, or mortgagee, only his share of what remains after the payment of the partnership debts and the adjustment of the equities of the partners.

In such case the share of the purchaser, or mortgagee, cannot be determined or recovered in an action at law, but only in a suit in equity.

On report.   Judgment for plaintiff.

Trover for the conversion of property claimed by the plaintiff under two chattel mortgages. The facts are stated in the opinion.

*H. W. Oakes, J. A. Pulsifer, F. E. Ludden; E. Foster,* with them, for plaintiff.

*J. A. Morrill,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

FOGLER, J.   This is an action of trover which comes to this court on report.

August 30, 1892, Richard F. Leader, son of the plaintiff, being then engaged in the soda beer business, and owning the stock and appliances used in that business, conveyed to the defendant by written bill of sale one-undivided half part of all the stock, tools,

implements, and machinery then used by him in that business. Certain articles enumerated in the bill of sale were sold and conveyed subject to a claim in favor of A. D. Puffer & Sons, amounting to about six hundred dollars.

The defendant paid a portion of the purchase price in money, and on the same day gave to said Leader his note for four hundred and six dollars, payable within one year after date, with interest, and secured said note by a mortgage of the same property conveyed to him by the bill of sale above referred to. The above named conveyances having been made and delivered, said Leader and the defendant on the same day entered into articles of copartnership and said business was subsequently carried on by them for a time as copartners.

January 2, 1893, Leader indorsed and transferred said note and assigned said mortgage to William Leader, the plaintiff. In November, 1893, the plaintiff foreclosed said mortgage for condition broken.

October 17, 1892, Richard F. Leader gave the plaintiff a mortgage of one-undivided half part of all the goods, wares and merchandise hitherto used by the defendant and himself in the soda beer business, subject to the claim of A. D. Puffer & Sons, upon the articles above mentioned, the amount of which was stated to be about two hundred and fifty dollars.

The claim of A. D. Puffer & Sons was never fully paid, and that firm took possession of and sold the articles upon which they had a claim.

The partnership does not seem to have ever been formally dissolved. After the business of the firm had ceased to be operated and after the foreclosure of the mortgage first named, the defendant sold and delivered some of the goods and chattels of which one-undivided half part was conveyed by Richard F. Leader to the defendant, and mortgaged by the defendant to Richard F. Leader.

The plaintiff claims in this suit to recover the value of such chattels, claiming one-half under the foreclosed mortgage of the defendant to Richard F. Leader, and the remaining half under the mortgage of Richard F. Leader to himself.

The defendant claims that the transactions were in relation to partnership property and that the rights of the parties can be settled only in equity.

The sale to the defendant by Richard F. Leader and the mortgage back were not conveyances of partnership property. Richard F. Leader was the sole owner of the property. He, in his individual capacity, conveyed one-half, undivided, to the defendant in his individual capacity. The defendant conveyed back to Leader in mortgage the same property. No partnership had then been formed.

The articles of copartnership recite that Leader had sold to Plante one-undivided half of the property used in the business, and that Plante had given Leader a mortgage of the same.

At the time when the bill of sale and mortgage were given no partnership existed between the parties. The mortgage after foreclosure vested in the plaintiff, assignee of the mortgage, an absolute title to the mortgaged property. The fact that the parties to the mortgage entered into partnership and used the mortgaged property in their joint business cannot defeat the plaintiff's title. A sale by one person of the goods of another is a conversion. So if one co-tenant of a chattel sells the whole of it as his, his co-tenant may maintain trover against him for his share of the value. *Dain* v. *Cowing*, 22 Maine, 349; *Wheeler* v. *Wheeler*, 33 Maine, 347; *Weld* v. *Oliver*, 21 Pick. 559; *Wilson* v. *Reed*, 3 Johns. 175.

We are of the opinion that the plaintiff is entitled to recover in this action the value of one-half of all the property of which one-undivided half part was conveyed in mortgage by the defendant to Richard F. Leader, which has been sold or otherwise converted by the defendant.

We do not think that the plaintiff can recover in this action for the one-undivided half part of the partnership property mortgaged to him by Richard F. Leader. That was a mortgage by one partner of his interest in the partnership property. The mortgagee in such case takes the interest of the mortgaging partner subject to the liabilities of the firm and subject to the equitable rights of the other partner. He stands in the place of the mortgagor.

The sale, or mortgage, by a partner of his interest in the partnership assets passes to the purchaser only his share of what may remain after the payment of the partnership debts and the adjustment of the equities of the partners. *Beecher* v. *Stevens*, 43 Conn. 587; *Tappen* v. *Blaisdell*, 5 N. H. 190; *Tarbell* v. *West*, 86 N. Y. 280.

The share of the purchaser, or mortgagee, cannot be determined or recovered in an action at law, but only in a suit in equity. Judgment for plaintiff.

According to the stipulation of the parties the case is remanded to the court at nisi prius for assessment of damages by the court in accordance with this opinion.

*So ordered.*