A. WILLMANN & ASSOCIATES
*vs.*
JOSEPH PENSEIRO

Oxford.   Opinion, January 12, 1962

*Albert Beliveau,* for plaintiff.

*William E. McCarthy,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ. DUBORD, J., did not sit.

WILLIAMSON, C. J. This is a bill in equity by assignees of Kenneth M. Phillips against Joseph Penseiro for an accounting and settlement of a partnership or joint adventure of Phillips and the defendant in a housing development. The sitting justice ordered an accounting to be taken with the conveyance of a one-half interest in land known as Woodland Acres by the defendant as the court might direct, and issued an injunction against the sale by the defendant of lots in Woodland Acres without the consent of counsel for the parties.

The issues are:

FIRST—Was the agreement between Phillips and the defendant assignable? If not, the plaintiffs have no standing in this suit.

SECOND—Did Phillips abandon the partnership or joint adventure before the present suit was brought in November 1957? If the partnership or joint adventure was so abandoned, then the assignees of Phillips have no claim against the defendant. They neither have nor assert greater rights than Phillips possessed. The stream rises no higher than its source. If, however, the agreement was assignable and the enterprise was not abandoned, then the plaintiffs are entitled to an accounting with suitable adjustments for the protection of the interests of the parties with proper allowance of profits and charges for losses. *Waldo Lumber Co.* v. *Metcalf,* 132 Me. 374, 171 A. 395.

The findings of fact of the sitting justice stand unless clearly erroneous. *LeBlanc* v. *Gallant,* 157 Me. 31, 40, 172

A. (2nd) 74; *Wilson* v. *Wilson*, 157 Me. 119, 133, 170 A. (2nd) 679; *Gibson* v. *McMillin*, 157 Me. 239, 170 A. (2nd) 414; Maine Rules of Civil Procedure, Rule 52 (a).

The facts may be summarized as follows:

In May 1955 Phillips interested the defendant in joining with him in a housing development in Rumford. Phillips had the opportunity to obtain the land; the defendant had the money. The parties orally agreed to develop the land in lots for sale under terms later set forth in the written agreement of December 19, 1955. The land was "jointly purchased" under this arrangement in the name of the defendant.

During 1955 Phillips directed grading and labor on the land and sold lots together with the defendant under the name of Somerset Real Estate Company. In June 1955 the Company advertised "Rumford's biggest land sale" in a local newspaper over the names of both Phillips and the defendant.

In December 1955 the defendant assisted Phillips in borrowing money on the security of the latter's interest in the development. On December 19, 1955, Phillips and the defendant entered into a written agreement to the effect that they had "jointly purchased a tract of land" for $10,000 paid by the defendant, that the defendant and Phillips "will do all things necessary to sell the land," that "the net profit shall be paid (to the defendant) until he has received the sum of ten thousand dollars, which he has paid for said property," and that "the net profit for any land sold after that shall be equally divided." It was also agreed "that nothing in this Agreement shall be interpreted to mean that there exists any Partnership of Joseph Penseiro and Kenneth M. Phillips in any other business activity."

On the same date the agreement was assigned by Phillips to one Dickson with the following provision: "This assign-

ment is to be null and void when the said Kenneth M. Phillips has paid to the Casco Bank & Trust Company, a certain note (due June 1, 1956 and) . . . endorsed by the said Thomas L. Dickson, Sr." Apparently the obligation was paid and the Dickson assignment ended prior to the Willmann assignment hereafter mentioned. In brief, on December 19, 1955, Phillips borrowed money on the security of his interest with the knowledge and consent of the defendant.

On May 26, 1956, Phillips assigned to A. Willmann & Associates (which appears to have been a partnership) his interest in the agreement of December 19, with the provision "This assignment is to be null and void when the said Kenneth M. Phillips has paid to the said A. Willmann & Associates a certain note signed by said Kenneth M. Phillips and dated May 26, 1956." The note called for payment of $8,500 without interest, or "the net profits earned by Kenneth M. Phillips as the result of the limited partnership agreement."

The defendant had no knowledge of the second assignment of May 1956, that is, the assignment to A. Willmann & Associates, until he was approached by one Barrett, a partner of the assignee in January 1957. The defendant did not desire to be associated in the enterprise with the plaintiff A. Willmann & Associates, a Maine corporation and successor to the assignee of like name, and did not consider the assignment valid insofar as he was concerned. As the sitting justice stated: "In this respect the defendant was correct as no one had the right to make him become a partner or joint adventurer with a stranger with whom he did not care to be associated."

On November 14, 1960, Phillips made an outright assignment to the plaintiff Maxwell A. H. Wakely of his interest "in a partnership with Joseph Penseiro . . . , as evidenced by a partnership agreement between me and said Penseiro

dated December 19, 1955, subject however, to a prior assignment to A. Willmann & Associates. . . ." The defendant had no notice of this assignment when the cause was heard later in November 1960. By agreement, Wakely was made a party plaintiff and the bill amended accordingly.

On May 24, 1956, the defendant in a letter to Phillips with the salutation "Dear Kenny" listed the lots which had been sold. Phillips from early 1956 did little in connection with the development. He was at that time in the contracting business and was engaged in work in and about Lewiston. In October 1956 Phillips filed a petition in bankruptcy listing his interest in the Woodland Acres development as an asset and also his debt to A. Willmann & Associates. The trustee in bankruptcy disclaimed any interest therein. In November 1956 the Somerset Real Estate Company bank account was closed by the defendant.

Whether Phillips and the defendant were in partnership or were engaged in a joint adventure is not for our purposes material. In either event, each owed to the other the obligations of a fiduciary, and further, each was entitled to an accounting of the enterprise.

> "Joint adventure is not identical with partnership but is so similar in its nature and in the contractual relations created thereby that the rights as between the adventurers are governed practically by the same rules that govern partnerships."
>
> *Simpson* v. *Richmond Worsted Spinning Co.*, 128 Me. 22, 29, 145 A. 250. Cf *Allen* v. *Kent*, 153 Me. 275, 136 A. (2nd) 540.

The sitting justice found "that the two first assignments were in the nature of a pledge or mortgage and that the assignment to Wakely was an outright one, resulting in a dissolution of the previously existing contract, whatever

may have been its nature, between Phillips and the defendant." The finding is clearly justified on the record.

The first and second assignments to Dickson and A. Willmann & Associates were in terms given as security for loans. The enterprise was not ended by the assignments for security. In *Leader* v. *Plante*, 95 Me. 343, 50 A. 53, in which a partnership was not dissolved by the mortgage, the court said, at p. 346:

> "The sale, or mortgage, by a partner of his interest in the partnership assets passes to the purchaser only his share of what may remain after the payment of the partnership debts and the adjustment of the equities of the partners."

The third assignment to the plaintiff Wakely, however, was a disposal of Phillips' entire interest. Given as an outright transfer, and not by way of pledge or mortgage, it destroyed the arrangement between Phillips and the defendant, whether they were partners or joint adventurers. *Smith* v. *Virgin*, 33 Me. 148, 156; *Cumberland County P. & L. Co.*, v. *Gordon*, 136 Me. 213, 216, 7 A. (2nd) 619.

We conclude that Phillips could properly assign his interest as security and that only on the complete assignment to Wakely did he in terms end the enterprise. Phillips, and no less the defendant, had the right in our view to terminate the partnership or adventure without loss of acquired interests with a suitable accounting.

The defendant goes further and vigorously asserts that Phillips abandoned his contract or agreement with a resulting forfeiture of any interest he had in the enterprise. The precise moment when the defendant claims the abandonment by Phillips took place is not plain. It did not take place in December 1955 when Phillips assigned to Dickson. The defendant testified that from that time he still continued to regard Phillips as the person associated with him.

It was not on May 24, 1956, when the defendant reported upon lot sales to Phillips.

The defendant urges that the abandonment took place by reason of the bankruptcy proceedings. It is to be remembered, that the trustee disclaimed any interest in the property and that not until then did the defendant close the Somerset Real Estate Company bank account. The defendant testified as follows:

> "Q When did you stop regarding Mr. Phillips as being associated with you?
>
> "A When Mr. Barrett came to Rumford early in 1957 and notified me of the assignment. To answer your question in another way, when Mr. Phillips left Rumford and went to work down to Lewiston building these hen houses, I knew that he wasn't doing the work that this agreement specified, that he should do the work of selling lots and improving the area. Since he was not doing the work, then I assumed that he wasn't connected with the Woodlawn Acres account."

The defendant from this evidence places the abandonment in January 1957, several months after the assignment to A. Willmann & Associates. This is certainly so unless we take the latter part of his answer which seems to relate to 1956.

The sitting justice, in finding there was no abandonment of the agreement on the part of Phillips, said:

> "During all of this period (of the bankruptcy proceedings), it is also safe to assume that the activities of Phillips in respect to selling any of his assets might well have been limited and restricted. Then this litigation started in the fall of 1957. True, he had agreed to 'do all things necessary to sell the land described in said deed.' However, a question arises as to just how much effort he had to exercise in order to comply with this portion of

his agreement. Circumstances beyond his control, should not preclude him by forfeiture of his rights to the ultimate enrichment of the defendant."

We find no reason to put aside the finding of the sitting justice that the partnership or joint adventure was not abandoned by Phillips and was not dissolved until the assignment to Wakely in November 1960.

The result would be unchanged if it be said the enterprise was ended at an earlier date. Whenever it was terminated, either Phillips or the defendant would have been entitled to an accounting. This is precisely the situation at the present time.

The plaintiffs stand in place of Phillips in the housing development. It is immaterial to the defendant whether this interest remains with Phillips or has passed to his assignees, provided the defendant is adequately protected in an accounting and settlement. The goal will be to restore to the defendant his original investment, to fix profits and losses, and to divide the net profits one-half to the plaintiffs as their interests may appear, and one-half to the defendant.

The entry will be

*Appeal denied.*

*Case remanded for further proceedings in accordance herewith.*