A. WILLMANN & ASSOCIATES
AND
MAXWELL A. H. WAKELY
*vs.*
JOSEPH PENSEIRO

Oxford.   Opinion, July 8, 1963.

*Albert Beliveau,* for Plaintiffs.

*William E. McCarthy,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

SULLIVAN, J. Defendant appeals from the trial justice's decree striking an accounting and imposing a settlement amongst the parties to this litigation. *Willmann & Associates* v. *Penseiro,* 158 Me. 1.

In 1955 one Kenneth M. Phillips and the defendant as partners or upon a joint adventure associated themselves in the enterprise of developing a tract of land known as Woodlawn Acres and of selling house lots therefrom.

> " - - - - On December 19, 1955, Phillips and the defendant entered into a written agreement to the effect that they had 'jointly purchased a tract of land' for $10,000 paid by the defendant, that the defendant and Phillips 'will do all things necessary to sell the land,' that 'the net profit shall be paid (to the defendant) until he has received the sum of ten thousand dollars, which he has paid for said property,' and that 'the net profit for any land sold after that shall be equally divided.' - - - - - - - Phillips from early 1956 did little in connection with the development."
> *Willmann & Associates* v. *Penseiro, supra,* 3, 5.

On November 14, 1960 Phillips made a complete assignment of his interest in the partnership or venture to the plaintiff, Wakely, and thus terminated the joint engagement with the defendant. The plaintiffs thereupon succeeded to the rights of Phillips and became entitled to an accounting with the defendant and a settlement, for which the objective would be "to restore to the defendant his original investment, to fix profits and losses, and to divide the net profits one-half to the plaintiffs as their interests may appear, and one-half to the defendant." *Willmann & Associates* v. *Penseiro, supra,* 8.

Subsequent to the decision of this court reported in 158 Me. 1, *supra,* these plaintiffs formally applied to the sitting justice for the appointment of a referee. The justice assented and his order is pertinently as follows:

" - - - to make a complete audit and examination of the affairs of Woodlawn Acres and of the defendant insofar as said Woodlawn Acres are concerned.

This reference is made with the reservations as to questions of law as to both parties.

There is reserved to the parties the right to object to acceptance of the Report of the Referee."

The referee reported to the justice in due course.

The defendant seasonably objected to the report because of an item totalling $2,000 which the referee had pronounced to have been paid directly to Phillips by 3 purchases of single lots and to have been expended by Phillips for road improvement in the land development. The defendant moved the justice to require that the report be amplified by a specific finding of fact as to whether the $2,000 had been paid to Phillips for services personally performed for the land enterprise or whether the $2,000 were a sum paid by Phillips to someone else. The defendant requested that such additional findings afford full details attending the receipt and disbursement of the $2,000 by Phillips.

Defendant also challenged the propriety of a finding by the referee that a listed payment of $280 by the enterprise to Phillips had been applied by the latter "for development costs." Defendant no longer urges this protest and must be assumed to have abandoned it.

With the justice's approval the referee responsively implemented his report with the following written commentary:

"1.  Item in Exhibit C of accounting entitled 'Disposition of proceeds paid to Phillips for roads,' represents money received by Phillips from the

sale of lots to be used for clearing streets as follows:

| | |
|---|---:|
| Belanger #2 | $ 800.00 |
| Hemingway #35 | 800.00 |
| Roy #54 | 400.00 |
| | $2000.00 |

Mr. Penseiro, in his answer to the Plaintiff's request number 3, filed earlier in the case, states that this amount was paid to Phillips for clearing streets.

- - - - - - - - - - - - - - - -

I am unable to state, on the basis of information furnished to me by Mr. Penseiro and Mr. Phillips, whether these sums of money were paid to Phillips for services that he personally performed or whether these sums were an expenditure paid from Phillips to someone else. I am further unable to account as to what services were performed by Phillips nor when they were performed, or if in the nature of an expenditure by Phillips, I am unable to state when he paid these amounts, to whom and for what.

I can only state that Penseiro agrees that the money was paid to or withheld by Phillips to clear streets; that Phillips agreed that he received the money; and that a number of streets were cleared in the area owned by the partnership."

There is contained in the record of the case at bar no benefit of testimonial evidence or intimation that any such was availed of. The referee was a certified public accountant.

Defendant's reaction to the referee's commentary quoted above was a motion as follows:

"1. That the Referee be ordered to explain and further amplify the obvious inconsistency in the last two Paragraphs of his answer - - - - to Defendant's Motion for further finding of fact - - - - -

11. That this Honorable Court set a date for hearing between the parties hereto on the following question of law not in the province of the Referee, for final completion of the accounting between the parties.

(a). To determine what, if anything, is due the Defendant, Joseph Penseiro, for services rendered and work performed on behalf of the joint enterprise or partnership during the absence of Kenneth Phillips, the Plaintiff's assignor, prior to dissolvement.

(b). To determine if the remaining real estate is part of the profits to be divided between the parties or whether it is property solely owned by the Defendant."

The foregoing motion was denied by the court.

The presiding justice rendered a decree finding as a fact that in accordance with the referee's report there remained in defendant's possession the sum of $7,537.33 of association funds. From that amount the defendant was ordered to pay some specific fees, expenses and bills payable. Such disbursements would leave a balance of $5,447.20 which defendant was directed to share equally with the plaintiffs. The defendant was required to convey to the plaintiffs one half of the title to the unsold land at Woodlawn Acres.

The defendant appealed and now prosecutes 3 of his assigned grievances:

1. That the defendant is entitled to the value of his services rendered for the joint adventure from early 1956 after which Phillips "did little in connection with the development." 158 Me. 1, 5.

2. That the referee failed to account adequately for the $2,000 item found in the referee's audit to have been received by Phillips and credited by the court decree as hav-

ing been expended by Phillips in road improvement at the land development.

3. That the court erred in ordering the conveyance from the defendant to the plaintiffs of one half title in the residual land.

The defendant here necessarily commits himself to the burden of demonstrating that the presiding justice was in error as a matter of law in denying to the defendant a hearing to secure a determination of any sums due to the defendant for personal services bestowed by him upon the joint enterprise during Phillips' absence from the project and prior to the dissolvement. We possess no transcript of testimony and the record in the case at bar is empty of data as to services contributed by either associate. In the reported decision, *supra*, 158 Me. 1, 5, is recited a negative fact that "Phillips from early 1956 did little in connection with the development." There is no affirmative information as to what either associate may have done. The decided case, *supra*, 158 Me. 1, 3, contains an abridgement or abstract of the written agreement evidencing the joint land enterprise. Such agreement as reported does not attest the right nor fortify the claim of either partner or associate to compensation for personal services. Upon this record we discern no meritorious occasion to activate any special and sound discretion by the justice below.

> "As a general rule, in the absence of an agreement therefor, a partner is not entitled to compensation, other than his share of profits, for his services to the firm, regardless of how valuable such services may be or how much greater than the services contributed by other partners; but an agreement for compensation, express or implied, will be enforced by the courts."

68 C. J. S., Partnership, § 94, P. 531.

"As a general rule a partner is not entitled to compensation for his services to the partnership in the absence of a contract allowing it to him - - - "
*Neilsen* v. *Holmes* (Cal.), 186 P. (2nd) 197, 202.

"A partner is not entitled to any salary unless there is shown an agreement to that effect or circumstances from which such an agreement may be implied - - - - "
*Kist* v. *Coughlin* (Ind.), 57 N. E. (2nd) 199, 205.

" - - - - In the absence of such express contract or facts creating such implication, a partner cannot recover salary or compensation, even though he had control of the business and performed the major portion of the work - - - "
*Johnson* v. *Oil & Gas Co.* (Ky.), 129 S. W. (2nd) 111, 114.

" - - - - It is further said that the defendant should have been granted an allowance in compensation for his work in connection with the business over and above the share allotted to the complainant. But this contention has no support in the terms of the partnership agreement. In the absence of an agreement, a partner is not entitled to remuneration for acting in the partnership business, - - - - "
*Bell* v. *Perry* (N. J.), 160 A. 421, 422.

Defendant challenges and disputes as an unwarranted assumption the justice's decree in so far as it in effect finds that Phillips who had personally received $2,000 as the sale price of 3 lots of the association or partnership had in fact expended that sum for street development at Woodlawn Acres. It is incontrovertible that if Phillips did not expend the $2,000 fund for street improvement or for some other legitimate joint purpose then the accounting struck by the justice's decree is affected and patently faulty.

The record discloses that the defendant had returned a sworn answer to a demand of the plaintiffs that he reply to an interrogatory, as follows:

"Money received by Kenneth Phillips from sale of lots *to be used for clearing streets.*

| | | |
|---|---|---|
| Joseph Belanger No. 2 | 800.00 | |
| Richard Hemingway No. 35 | 800.00 | |
| Leonard Roy No. 54 | 400.00 | 2000.00" |

(emphasis added)

The referee in his audit included the following item of partnership bookkeeping:

"*Disposition of proceeds*

Paid to Phillips for roads          2000.00"

In his final report the referee stated his indeterminate conclusions concerning this $2,000, as follows:

"I am unable to state, on the basis of information furnished to me by Mr. Penseiro and Mr. Phillips, whether these sums of money were paid to Phillips for services that he personally performed or whether these sums were an expenditure paid from Phillips to someone else. I am further unable to account as to what services were performed by Phillips nor when they were performed, or if in the nature of an expenditure by Phillips, I am unable to state when he paid these amounts, to whom or for what.

"I can only state that Penseiro agrees that the money was paid to or withheld by Phillips to clear streets; that Phillips agreed that he received the money; and that a number of streets were cleared in the area owned by the partnership."

The record reveals that several streets were improved by several operators. Thus the statement of the referee "that a number of streets were cleared in the area owned by the partnership" becomes, without more information, deficient as a circumstance for specific fact finding purposes.

There is no competent or satisfactory evidence of any disposition of the $2,000 by Phillips. The decree of the justice was erroneous in presuming or conceding that there was.

The defendant imputes error to the court's ordering of a conveyance by the defendant to the plaintiffs of a one-half interest in the unsold land at Woodlawn Acres.

This court in *Willmann & Associates* v. *Penseiro*, 158 Me. 1, construed the contract between Phillips and this defendant as the controlling and authoritative basis of an accounting and settlement between the parties to the instant case and held: (page 8)

> " - - - - The goal will be to restore to the defendant his original investment, to fix profits and losses, and to divide the net profits one-half to the plaintiffs as their interests may appear, and one-half to the defendant - - - - Case remanded for further proceedings in accordance herewith."

The report of the referee adopted by the sitting justice provides full compensating credit to effect reimbursement to the defendant for his initial land outlay with interest. Obviously the unsold land thus becomes an expression of a portion of the joint profits in the form of real property. The ordering of an equal division of title in the residual land by the medium of a conveyance was a proper and practical choice of method in the settlement to be achieved.

The appeal must be sustained but only to the extent of providing a corrective reconsideration and resolution of the actual disposition or application of the $2,000 fund received by Kenneth M. Phillips and of the effect of such disposition upon an accounting and settlement amongst these parties.

The mandate shall be:

*Appeal sustained:*

*Case remanded for further, appropriate proceeding in accordance with this opinion.*