2001 ME 67

**Jim MITCHELL and Jed Davis, P.A.**

v.

**Beverly A. LAVIGNE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 24, 2001.

Decided: April 30, 2001.

James E. Mitchell, Esq., Jim Michell & Jed Davis, P.A., Augusta, for plaintiff.

Beverly A. Lavigne, New Sharon, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Beverly Lavigne appeals from an ex parte attachment order entered by the Superior Court (Franklin County, *Marden, J.*), pursuant to M.R. Civ. P. 4A. The attachment, in the amount of $41,745.50, was entered against Lavigne both individually and in her capacity as Trustee of the Roger J. Lavigne Revocable Trust. On appeal, Lavigne contends that the certificate in support of the ex parte attachment was defective and that the attachment, as to her, was excessive because a $15,000 mortgage was available as security for the debt. *See* M.R. Civ. P. 4A(c). Because Lavigne did not seek dissolution of the ex parte attachment, as was her right pursuant to M.R. Civ. P. 4A(h), we dismiss the appeal as premature.

## I. FACTS

[¶ 2] Lavigne had retained Jim Mitchell & Jed Davis, P.A. to represent her in

litigation involving her administration of the Roger J. Lavigne Revocable Trust. That litigation was resolved. Lavigne disputed the amount of the attorney fees claimed by Mitchell & Davis. The matter was presented to a Fee Arbitration Panel pursuant to M. Bar R. 9. After an award by the Fee Arbitration Panel, Mitchell & Davis filed an application to confirm the award.

[¶ 3] Although Lavigne was represented by counsel during some of the discussion regarding payment of fees, effecting service on Lavigne proved difficult. Ultimately, Mitchell & Davis filed a motion for service by publication, M.R. Civ. P. 4(g), and a separate motion for ex parte attachment. M.R. Civ. P. 4A(g). The motion for ex parte attachment was granted on November 3, 2000, and separate attachments for $41,745.50 issued against Lavigne and the Trust. Five days later, Lavigne filed an objection to the motion for ex parte attachment. The record does not indicate that Lavigne ever sought dissolution of the ex parte attachment pursuant to M.R. Civ. P. 4A(h). Instead, Lavigne appealed the ex parte attachment order to this Court.

## II. DISCUSSION

[¶ 4] While orders for attachment or trustee process are immediately appealable to this Court as exceptions to the final judgment rule, *Liberty v. Liberty,* 2001 ME 19, ¶ 10, 769 A.2d 845, we have not addressed appeal of ex parte orders for attachment in situations where a party has not exercised their right to seek immediate relief from the ex parte attachment by the trial court. Pursuant to M.R. Civ. P. 4A(h), a party objecting to an ex parte attachment has a right to a dissolution hearing before the trial court on two days' notice, "or on such shorter notice as the court may prescribe . . . ." At this hearing, the burden is on the plaintiff to justify the attachment in the same manner as a plaintiff would have to justify an attachment sought through the regular notice and hearing process. *See Plourde v. Plourde,* 678 A.2d 1032, 1035 (Me.1996).

[¶ 5] The dissolution hearing allows a party objecting to an attachment the opportunity to bring any objections promptly to the attention of the trial court and to have those objections, and the arguments regarding the adequacy of the plaintiff's attachment request, addressed by the trial court. It would be inconsistent with the doctrines of deferential review or judicial economy, and any of the exceptions to the final judgment rule, to permit a direct appeal of an ex parte attachment order to proceed without the objecting party first having utilized the available opportunity to secure prompt consideration by the trial court of any objections they may raise.

[¶ 6] Accordingly, before a party can file an appeal of an ex parte attachment order, that party must first give the trial court the opportunity to address the issue through the process afforded by M.R. Civ. P. 4A(h). Because Lavigne did not exercise her right to seek a prompt dissolution hearing in this case, her appeal of the ex parte attachment order is an interlocutory appeal which must be dismissed.[1]

The entry is:

Appeal dismissed.

---

1. This case is distinguished from cases where an expedited hearing on an attachment request was held, where the objecting party had the opportunity to present objections to the trial court prior to taking an appeal of the attachment order. *See Schneider v. Cooper,* 687 A.2d 606, 607–08 (Me.1996).