STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                         CIVIL ACTION
                                                  DOCKET NO.: CV-16-247

RONALD RUDDELL,

        Plaintiff,

v.                                                ORDER

BRIAN STRACK,
SEAN SEIFER, and
SAVING HISTORY, LLC,

        Defendants.

## I.      Background

### a.  Procedural History

Before the court is defendant Seifer's motion to dissolve attachment and trustee process. Plaintiff Ronald Ruddell filed a four-count complaint against defendants Brian Strack, Sean Seifer, and Saving History, LLC that seeks damages, an accounting, and/or the return of consigned property, and punitive damages. The complaint was accompanied by an *ex parte* motion for attachment and trustee process, which the court granted on November 1, 2016.

### b.  Facts

On February 23, 2015, parties executed a short contract by which Ruddell consigned certain antiques. The contract reads as follows:

> This agreement between Brian R. Stack and Sean Seifer trading as Saving History Antiques LLC, herein referred to as buyers, and Ronald P. Ruddell, herein referred to as sellers, is for consignment of the items listed on schedule A.
>
> The agreed upon price will result in full payment within ninety days from the date of conveyance. Partial payments are guaranteed every thiry days. Inventory time will constitute at least 30 days.
>
> The seller agrees to offer documentations and province of the items listed in

1

schedule A. Likewise the seller agrees to facilitate the disposal of such items with collateral information when necessary.

This agreement is signed by the individuals involved, who declared it to be legal and binding and witnessed by Kaselyn S. Klase.

(Seifer Aff. ¶ 5, Ex. A.) Stack, Seifer, Ruddell, and Klase signed the contract. They did not date their signatures, nor did any of the parties indicate that their signatures were on behalf of any entity other than themselves.

Seifer's motion to dissolve argues that the contract is ambiguous and therefore the court should construe it against the drafter and consider extrinsic evidence which shows Seifer and Strack intended to only bind the LLC, not themselves individually when the contract was executed. Seifer argues that as a result Ruddell cannot establish that it is more likely than not he will recover against Seifer individually because he is not liable under the contract. Ruddell counters that contract read as a whole is unambiguous and Seifer and Strack are individually liable, and therefore, he has satisfied his burden under M.R. Civ. P. 4A and the court should deny to the motion to dissolve.

## II. Discussion

### a. Attachment Standard

> Pursuant to M.R. Civ. P. 4A, an attachment of real estate, goods and chattels is available to satisfy any judgment recovered by a plaintiff if that plaintiff can establish that it is more likely than not that [she] will recover judgment . . . in an amount equal to or greater than the . . . attachment . . . . A plaintiff is required to submit affidavits in support of a motion for an approval of an attachment. Pursuant to M.R. Civ. P. 4A(i), the affidavits must set forth specific facts sufficient to warrant the required findings, *i.e.,* facts which warrant a finding that it is more likely than not that the plaintiff will prevail at trial in an amount which at least equals the amount sought to be attached.

*Schneider v. Cooper*, 687 A.2d 606, 608 (Me. 1996) (quoting M.R. Civ. P. 4A) (internal quotations and citations omitted). Seifer's "motion to dissolve the *ex parte* attachment is treated as the

2

equivalent of a contested motion for attachment after notice . . ." *Trans Coastal Corp. v. Curtis*, 622 A.2d 1186, 1188 (Me. 1993). When defendant moves to dissolve an ex parte attachment order, "the plaintiff shall have the burden of justifying any finding in the ex parte order that the moving party has challenged by affidavit." M.R. Civ. P. 4A(h).

### b. Seifer's Liability

"A limited liability company is an entity distinct from its members." 31 M.R.S. § 1504(1). "A person who is a member of a limited liability company is not liable, solely by reason of being a member . . . for a debt, obligation or liability of the limited liability company . . . arising in contract, tort or otherwise . . . ." § 1544 (2016). Thus, unless the contract bound Seifer and Strack in their individual capacities they are not liable to Ruddell as members or the LLC.

"A contract . . . is to be construed in accordance with the intention of the parties, which is to be ascertained from an examination of the whole instrument." *Am. Prot. Ins. Co. v. Acadia Ins. Co.*, 2003 ME 6, ¶ 11, 814 A.2d 989 (quoting *Peerless Ins. Co. v. Brennon*, 564 A.2d 383, 384-85 (Me. 1989)). "The interpretation of an unambiguous written contract is a question of law for the Court; the interpretation of ambiguous language is a question for the factfinder." *Portland Valve, Inc. v. Rockwood Systems Corp.*, 460 A.2d 1383, 1387 (Me. 1983). Whether language in a contract is ambiguous is a question of law. *Id.* "Contract language is ambiguous when it is reasonably susceptible of different interpretations." *Id.* Extrinsic evidence may be admitted only when the court finds a contract is ambiguous in order to establish the intentions of the parties. *Id.*

The court must consider the entirety of the instrument when interpreting a contract. *Am. Prot. Ins. Co.*, 2003 ME 6, ¶ 12, 814 A.2d 989. The court will "'avoid an interpretation that renders meaningless any particular provision in the contract.'" *Acadia Ins. Co. v. Buck Constr. Co.*, 2000 ME 154, ¶ 9, 756 A.2d 515 (quoting *SC Testing Tech., Inc. v. Department of Envtl. Protection*,

3

688 A.2d 421, 424 (Me. 1996)).

As noted above, Ruddell must establish it is more likely than not that Seifer is liable under the contract in order for the court to continue the attachment and trustee process against him. Seifer argues the term "trading as" is ambiguous and therefore it must be construed against the drafter. Ruddell argues when the contract is read as a whole it is unambiguous and Seifer is bound by it. While the court agrees that "trading as" may be ambiguous absent context, when it reads the contract in its entirety it finds it is more likely than not that the contract is unambiguous and Seifer and Strack are individually bound by it. The last sentence by which the "individuals" declare the contract legally binding is particularly persuasive. Moreover, Seifer did not sign the contract in his capacity as a member of the LLC, but rather as himself individually.

Ruddell has demonstrated that it is more likely than not that he will recover against Seifer.

## III. Conclusion

In consideration of the above, defendant Seifer's motion to dissolve is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P.79(a).

DATE: May 12, 2017

ENTERED ON THE DOCKET ON: 5/15/17

John H. O'Neil, Jr.
Justice, Maine Superior Court

4

CV-16-247

ATTORNEY(S) FOR PLAINTIFF

JENS-PETER W. BERGEN, ESQ.
LAW OFFICE OF JENS-PETER W. BERGEN
79 PORTLAND ROAD
KENNEBUNK  ME  4043

ATTONEY(S) FOR DEFENDANTS:

J. SCOTT LOGAN, ESQ.
LAW OFFICE OF J. SCOTT LOGAN, LLC
75 PEARL STREET, SUITE 212
PORTLAND  ME  04101
FOR DEFENDANT BRIAN R. STRACK

BENJAMIN P. CAMPO, ESQ.
DOUGLAS MCDANIEL CAMPO & SCHOOLS LLC PA
90 BRIDGE STREET, SUITE 100
WESTBROOK  ME  04092
FOR DEFENDANT SEAN SEIFER

PRO SE DEFENDANT
SAVING HISTORY ANTIQUES, LLC
C/O SEAN SEIFER
7 HANNAFORD DRIVE
WESTBROOK  ME  04092
(ALL MAIL IS RETURNED UNDELIVERABLE)