STATE OF MAINE                               SUPERIOR COURT
CUMBERLAND, ss.                              BUSINESS AND CONSUMER COURT

                                             DOCKET NO. BCD-CV-2017-58 ✓
                                             (consolidated into BCD-CV-2017-57)

AMERICAN MULTIFAMILY          )
MANAGEMENT, LLC, *et al.*     )
                             )
        Plaintiffs,          )
                             )
                             )     ORDER ON DEFENDANT'S
    v.                       )     MOTION TO DISSOLVE *EX PARTE*
                             )     ATTACHMENT AND ATTACH-
STANFORD MANAGEMENT, LLC,    )     MENT ON TRUSTEE PROCESS
                             )
        Defendant,

This matter comes before the Court on Defendant Stanford Management, LLC's

("Stanford") motion to dissolve *ex parte* attachment and attachment on trustee process pursuant to

M.R. Civ. P. 4A(h); 4B(j). Plaintiffs American Multifamily Management, LLC ("AMM") and

Liberty Management, Inc. (collectively "Plaintiffs") oppose the motion. The Court heard oral

argument on the motion on April 24, 2018. Both parties appeared through counsel and were heard.

## PROCEDURAL POSTURE

Plaintiffs filed their two-count Complaint in Cumberland County Superior Court on

September 27, 2017, alleging breaches of two promissory notes. On October 10, 2017, the

Cumberland County Superior Court (*Fritzsche, J.*) entered an order granting Plaintiffs' *ex parte*

motion for attachment and attachment on trustee process. The Business and Consumer Court

(*Murphy, J.*) accepted transfer on November 29, 2017. Stanford then filed the instant motion in

this Court on January 17, 2018. The matter was scheduled for hearing on March 26, 2018.

Thereafter, the presiding justice recused from the case and the matter was scheduled for hearing

before the undersigned Judge of the Business and Consumer Court.

1

## STANDARD OF REVIEW

"Pursuant to M.R. Civ. P. 4A(h), a party objecting to an ex parte attachment has a right to a dissolution hearing before the trial court." *Mitchell v. Lavigne*, 2001 ME 67, ¶ 4, 770 A.2d 109. Upon a defendant's motion to dissolve, "the plaintiff shall have the burden of justifying any finding in the *ex parte* order that the moving party has challenged . . . ." M.R. Civ. P. 4A(h), 4B(j); *see Mitchell*, 2001 ME 67, ¶ 4, 770 A.2d 109. An order granting a motion to dissolve an *ex parte* attachment is reviewed for legal error. *Citizens Bank N.H. v. Acadia Grp.*, 2001 ME 41, ¶ 8, 766 A.2d 1021.

## DISCUSSION

Stanford's argument on this motion is essentially that Plaintiffs' *ex parte* motion for attachment and attachment on trustee process presented an incomplete factual picture to the court that granted it. (Def's Mot. Dissolve 1-7.) Plaintiffs do not necessarily dispute the facts as presented by Stanford in its motion, but instead argue that those additional facts do not demonstrate that it is not more than likely that Plaintiffs will not recover judgment in the amount attached in the court's attachment order. *See* M.R. Civ. P. 4A(c), 4B(c); *see also Libby O'Brien Kingsley & Champion, LLC v Blanchard*, 2015 ME 101, ¶ 5, 121 A.3d 109. (Pl's Opp. Mot. Dissolve 2-4.)

The Court does not need to explicate this factual dispute for purposes of this motion. It is sufficient to note that the full extent of the relationship between the parties was not before the court when it granted Plaintiffs' motion. Stanford has presented sufficient evidence to this Court's satisfaction that Plaintiffs' and Stanford's relationship is not merely that of creditor/ debtor—a proposition that Plaintiffs implicitly accept in their argument in opposition to the instant motion. (Pl's Opp. Mot. Dissolve 2-3.)

The Court takes no position on the merits of Stanford's argument. Ultimately, there will be

2

a decision on the merits as to whether Stanford is in breach of its obligations under the promissory notes. But for purposes of this motion, Plaintiffs have failed to carry their burden of justifying the Cumberland County Superior Court's implicit finding that Plaintiffs are more than likely to recover judgment in the amount of the attachment. Based on the additional information presented by Stanford, this Court is not persuaded that it is more likely than not that Plaintiffs will recover judgment in any amount.

## CONCLUSION

Based on the forgoing, it is hereby ORDERED:

That Defendant Stanford's motion to dissolve *ex parte* attachment and attachment on trustee process is GRANTED. The order granting *ex parte* motion for attachment and attachment on trustee process dated October 10, 2017 is hereby VACATED.

The Clerk is requested to enter this Order on the docket pursuant to M.R. Civ. P. 79(a).

Dated: 5/29/18

Richard Mulhern
Judge, Business and Consumer Court

3