STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
BUSINESS AND CONSUMER COURT

DOCKET NO. BCD-CV-2017-58 ✓
(consolidated into BCD-CV-2017-57)

AMERICAN MULTIFAMILY
MANAGEMENT, LLC, *et al.*

    Plaintiffs,

    v.

STANFORD MANAGEMENT, LLC,

    Defendant,

)
)
)
)
)
)
)
)
)
)
)

ORDER ON DEFENDANT'S
MOTION TO DISSOLVE *EX PARTE*
ATTACHMENT AND ATTACH-
MENT ON TRUSTEE PROCESS

This matter comes before the Court on Defendant Stanford Management, LLC's ("Stanford") motion to dissolve *ex parte* attachment and attachment on trustee process pursuant to M.R. Civ. P. 4A(h); 4B(j). Plaintiffs American Multifamily Management, LLC ("AMM") and Liberty Management, Inc. (collectively "Plaintiffs") oppose the motion. The Court heard oral argument on the motion on April 24, 2018. Both parties appeared through counsel and were heard.

**PROCEDURAL POSTURE**

Plaintiffs filed their two-count Complaint in Cumberland County Superior Court on September 27, 2017, alleging breaches of two promissory notes. On October 10, 2017, the Cumberland County Superior Court (*Fritzsche, J.*) entered an order granting Plaintiffs' *ex parte* motion for attachment and attachment on trustee process. The Business and Consumer Court (*Murphy, J.*) accepted transfer on November 29, 2017. Stanford then filed the instant motion in this Court on January 17, 2018. The matter was scheduled for hearing on March 26, 2018. Thereafter, the presiding justice recused from the case and the matter was scheduled for hearing before the undersigned Judge of the Business and Consumer Court.

1

## STANDARD OF REVIEW

"Pursuant to M.R. Civ. P. 4A(h), a party objecting to an ex parte attachment has a right to a dissolution hearing before the trial court." *Mitchell v. Lavigne*, 2001 ME 67, ¶ 4, 770 A.2d 109. Upon a defendant's motion to dissolve, "the plaintiff shall have the burden of justifying any finding in the *ex parte* order that the moving party has challenged . . . ." M.R. Civ. P. 4A(h), 4B(j); *see Mitchell*, 2001 ME 67, ¶ 4, 770 A.2d 109. An order granting a motion to dissolve an *ex parte* attachment is reviewed for legal error. *Citizens Bank N.H. v. Acadia Grp.*, 2001 ME 41, ¶ 8, 766 A.2d 1021.

## DISCUSSION

Stanford's argument on this motion is essentially that Plaintiffs' *ex parte* motion for attachment and attachment on trustee process presented an incomplete factual picture to the court that granted it. (Def's Mot. Dissolve 1-7.) Plaintiffs do not necessarily dispute the facts as presented by Stanford in its motion, but instead argue that those additional facts do not demonstrate that it is not more than likely that Plaintiffs will not recover judgment in the amount attached in the court's attachment order. *See* M.R. Civ. P. 4A(c), 4B(c); *see also Libby O'Brien Kingsley & Champion, LLC v Blanchard*, 2015 ME 101, ¶ 5, 121 A.3d 109. (Pl's Opp. Mot. Dissolve 2-4.)

The Court does not need to explicate this factual dispute for purposes of this motion. It is sufficient to note that the full extent of the relationship between the parties was not before the court when it granted Plaintiffs' motion. Stanford has presented sufficient evidence to this Court's satisfaction that Plaintiffs' and Stanford's relationship is not merely that of creditor/ debtor—a proposition that Plaintiffs implicitly accept in their argument in opposition to the instant motion. (Pl's Opp. Mot. Dissolve 2-3.)

The Court takes no position on the merits of Stanford's argument. Ultimately, there will be

a decision on the merits as to whether Stanford is in breach of its obligations under the promissory notes. But for purposes of this motion, Plaintiffs have failed to carry their burden of justifying the Cumberland County Superior Court's implicit finding that Plaintiffs are more than likely to recover judgment in the amount of the attachment. Based on the additional information presented by Stanford, this Court is not persuaded that it is more likely than not that Plaintiffs will recover judgment in any amount.

## CONCLUSION

Based on the forgoing, it is hereby ORDERED:

That Defendant Stanford's motion to dissolve *ex parte* attachment and attachment on trustee process is GRANTED. The order granting *ex parte* motion for attachment and attachment on trustee process dated October 10, 2017 is hereby VACATED.

The Clerk is requested to enter this Order on the docket pursuant to M.R. Civ. P. 79(a).

Dated: 5/29/18

_____
Richard Mulhern
Judge, Business and Consumer Court

3

STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & CONSUMER DOCKET
LOCATION: PORTLAND
DOCKET NO. BCD-CV-17-57 ✓

AMERICAN MULTIFAMILY )
MANAGEMENT, LLC, et al., )
)
      Plaintiffs, )
)
v. )
)
STANFORD MANAGEMENT )
LLC, )
)
      Defendants. )
————————————)
)
STANFORD MANAGEMENT )
LLC, )
)
      Plaintiff, )
)
v. )
)
BIRCH RIDGE, LP, et al., )
)
      Defendants. )

ORDER DENYING MOTION TO
MODIFY SCHEDULING ORDER
(TO EXTEND EXPERT DEADLINE)

American Multifamily Management, LLC and related entities ("AMM") have brought a Motion to Modify Scheduling Order. The primary purpose of AMM's Motion is to extend the deadline for any party bringing a claim to designate an expert. The relevant background to this Motion is as follows.

This consolidated case was initiated by Complaints filed in September 2017. In November 2017, both original cases were accepted for transfer to the Business and Consumer Docket. On January 24, 2017, the Birch Ridge case was temporarily stayed

1

due to a suggestion of bankruptcy. On the same day, however, the first Case Management Scheduling Order was issued for the AMM case. The deadline in the AMM case for any party bringing a claim to designate any expert was set for April 27, 2018. In March 2018, the bankruptcy proceeding which had led to the stay in the Birch Ridge case was dismissed.

On April 25, 2018, following oral argument on Stanford Management LLC's Motion to Dissolve Ex Parte Attachment in the AMM case, the Court held a Case Management Conference. By agreement of the parties, the Birch Ridge and AMM cases were consolidated. The Court issued Case Management Scheduling Order No. 2, governing the now consolidated case. According to Scheduling Order No. 2, the deadline for any party bringing a claim to designate any expert was re-set for June 1, 2018. The Discovery Deadline was re-set for October 31, 2018.

Stanford Management met the expert designation deadline, and designated experts for its affirmative claims on June 1, 2018. AMM did not designate any experts.

On June 18, 2018, counsel for AMM and related entities ("Prior Counsel") filed a Motion to Withdraw as Counsel of Record and Incorporated Memorandum of Law. In that motion, Prior Counsel made several relevant representations. First, Prior Counsel explained that the Motion was the result of "mutual agreement between Clients and Counsel." Second, Prior Counsel acknowledged that the case was currently in the discovery phase with the discovery deadline running on October 31, 2018. Third, Prior Counsel stated that the clients "have been advised of the foregoing, as well as all other deadlines set by the above-referenced Case Management Scheduling Order. The Clients also understand that they need replacement counsel

2

in order to continue with this litigation." Finally, Prior Counsel opined that given the procedural posture of the case, "withdrawal can be accomplished without material adverse effect on the interest of the Clients."

On June 25, 2018, the Court granted the Motion to Withdraw. However, the Court ordered AMM and related entities to secure the representation of another attorney within twenty days. The Court further ordered that failure to comply with the twenty-day deadline would be deemed a default and could result in the imposition of sanctions against the clients.

The twenty-day deadline came and went without an appearance of new counsel on behalf of AMM and related entities. On July 23, 2018, Stanford Management filed a Motion for Entry of Default and Sanctions. On August 2, 2018, new counsel for AMM and related entities ("Current Counsel") finally entered an appearance. On August 14, 2018, the Court denied Stanford Management's Motion for Entry of Default and Sanctions.

## ANALYSIS

A motion to enlarge time to designate an expert witness after the deadline has passed can only be granted upon the movant's showing that "failure to timely designate an expert was the result of excusable neglect." *Hutz v. Alden*, 2011 ME 27, ¶ 21, 12 A.3d 1174; *see also* M.R. Civ. P. 6(b). In this case, AMM has failed to make the necessary showing. As of the oral argument and Case Management Conference on April 25, 2018, AMM was actively represented by Prior Counsel. Indeed, Prior Counsel had been active in the AMM side of the case for months. Having participated in the Case Management Conference, Prior Counsel was obviously aware of the April 27,

3

2018 Case Management Scheduling Order No. 2, and the June 1, 2018 expert designation deadline. AMM was represented by Prior Counsel throughout the relevant time frame, and never moved for an extension of time prior to expiration of the deadline. AMM remained represented by Prior Counsel for three weeks after the designation deadline.

When Prior Counsel moved to withdraw, it did so based on a mutual agreement with its clients. According to Prior Counsel, AMM understood the discovery deadlines, and also understood that withdrawal could be accomplished without material adverse effect on AMM. Although AMM understood the need to retain replacement counsel, AMM failed to comply with the Court's twenty-day deadline, and failed to secure replacement counsel until after Stanford Management moved for default and sanctions. Replacement counsel did not enter an appearance until August 2, 2018, three weeks after the Court's deadline. Under the circumstances, AMM has failed to show that its failure to timely designate an expert was the result of excusable neglect.

Current Counsel argue that AMM was "effectively without counsel on June 1 when the initial expert designations was due," and therefore AMM has established excusable neglect. Current Counsel's argument, however, is contradicted by the record.

Current Counsel also relies on *Estate of O'Brien-Hamel*, 2014 ME 75, ¶¶ 23-24, 93 A.3d 689, for the proposition that a court can allow an extension of the expert deadline without a finding of excusable neglect when there is no prejudice. Current Counsel's reliance on *Hamel*, however, is misplaced. First, according to *Hamel*, it is not

4

necessarily an abuse of a trial court's discretion to permit untimely expert designation absent a showing of excusable neglect, when the opposing party is not "unfairly surprised" by the expert's testimony. *Id.* ¶ 23. But lack of "unfair[] surprise" is a narrower concept than lack of unfair prejudice, and requires a showing that the opposing party somehow already knew about the expert and the substance of his or her testimony. *See id.* ¶ 24 (opposing party had access to the expert physician's medical records well in advance of hearing); *see also Bray v. Grindle*, 2002 ME 130, ¶ 9, 802 A.2d 2004, 1007 (opposing party knew about the expert forester and his review of the property from the beginning of the case). In the present case, AMM has not shown that Stanford Management knew about AMM's expert or the substance of his or her testimony prior to expiration of the designation deadline. Second, even if the trial court in *Hamel* abused its discretion in allowing the expert to testify, the abuse was harmless error. *Hamel*, 2014 ME 75, ¶ 24, 93 A.3d 689; *see also Bray*, 2002 ME 130, ¶ 9, 802 A.2d 1004 ("the court would have been acting within its discretion had it excluded [the expert's] testimony"). Accordingly, AMM gets no assistance from *Hamel* in this matter.

For all the foregoing reasons, AMM's Motion to Modify Scheduling Order is denied. The Clerk will contact Counsel in order to schedule a Case Management Conference to address the other applicable deadlines and the future course of the litigation.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

So Ordered.

5

October 15, 2018.

_____
Michael A. Duddy
Judge, Business and Consumer Docket

Entered on the Docket: 10-15-18
Copies sent via Mail ___ Electronically ✓