MAINE NATIONAL BANK

v.

**Michael T. ANDERSCHAT et al.**

v.

**Donald GILBERT et al.**

Supreme Judicial Court of Maine.

Argued June 9, 1983.
Decided July 11, 1983.

James Barns, Portland, for plaintiff.

Steven R. Smith (orally), Portland, for Anderschat, et al.

John Bannon (orally), Portland, for Donald Gilbert, et al.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS and VIOLETTE, JJ.

McKUSICK, Chief Justice.

On the single issue presented by this appeal, we hold that the Superior Court erred in dissolving an *ex parte* attachment on trustee process.

In District Court (Portland), third party plaintiffs Michael Anderschat and New England Dental Supply, Inc. ("attachment plaintiffs") obtained an *ex parte* order for both a real estate attachment and an attachment by trustee process, in the amount of $20,000, against third party defendants Donald Gilbert and New England Dental, Inc. ("attachment defendants"). *See* M.R. Civ.P. 4A(f), 4B(h). Pursuant to the *ex parte* order, any and all real estate of Gilbert located in Cumberland County was attached, but no real estate attachment was made against the corporate attachment defendant. A bank on which trustee process was served has disclosed that it is holding credit balances in favor of Gilbert in the amount of $171.00 and in favor of the corporate attachment defendant in the amount of $4,000.00.

After the entire action had been removed to the Superior Court (Cumberland County), the attachment defendants filed a motion to dissolve all of the *ex parte* attachments. *See* M.R.Civ.P. 4A(g), 4B(i). In ruling on the motion to dissolve, the Superior Court first found that there existed a reasonable likelihood that the attachment plaintiffs would prevail in their third party action against the attachment defendants and would recover at least $20,000 over and above any security other than the attachments then available to satisfy the judgment. Nonetheless, the Superior Court dissolved the *ex parte* attachments on trustee process, leaving intact only the real estate attachment against Gilbert. The attachment plaintiffs appeal.

The attachment defendants do not cross-appeal, nor do they argue as appellees that the dissolution of the attachments on trustee process was the right result because the court's finding of a reasonable likelihood of a $20,000 judgment was clearly erroneous.[1] They argue solely that the Superior Court had discretion to act as it did. We disagree.

---

[1] The attachment defendants also make no argument that the circumstances of the principal action, one brought by Maine National Bank to collect a promissory note made by Anderschat and his corporation, do not present a proper occasion for impleader under M.R.Civ.P. 14(a). The third party complaint alleges that Gilbert and his corporation, by tortious action or breach of an unrelated contract, made it difficult or impossible for Anderschat and his corporation to pay their note at the bank. We do not wish silence to be interpreted as our approval of the injection of the complications and delays of third party practice into what is otherwise a simple suit on a note. *See* C. Wright & A. Miller, *Federal Practice and Procedure* § 1442, at 206 (1971); *id.,* § 1446, at 246.

The dissolution of the *ex parte* trustee process might have been justified if real estate attachments had been obtained against each of the attachment defendants in an amount adequate to secure a $20,000 judgment. The record, however, shows the exact contrary. There is no real estate attachment at all against the corporate attachment defendant, which on the other hand owns a substantial bank account that has been trusteed. Even as to Gilbert, the record utterly fails to show whether the filing of a general attachment in the Cumberland County Registry of Deeds in fact reached any real estate owned by Gilbert or whether his equity in any Cumberland County real estate equals or exceeds $20,000. On that issue of adequacy of the real estate attachment alone to secure a $20,000 judgment, Gilbert, as the moving party on the motion to dissolve, had the burden of proof; as to that issue, he did nothing to seek the advantage of the provision of M.R. Civ.P. 4B(i) reading:

At [the] hearing [on the motion to dissolve] the plaintiff shall have the burden of justifying any finding in the ex parte order that the moving party has challenged by affidavit.

Furthermore, even on an original motion for an attachment heard on notice to a defendant, the offsetting sources of other security must be "shown *by the defendant* to be available to secure the judgment." M.R.Civ.P. 4B(c). The action of the Superior Court in dissolving the *ex parte* attachments on trustee process cannot be defended on the ground that the real estate attachment against Gilbert is by itself adequate.

We emphatically reject the other argument made on appeal by the attachment defendants. They contend that the Superior Court justice was justified in dissolving the trustee process, while leaving the real estate attachment on Gilbert's individual real estate, because of equitable considerations, such as the greater economic harm worked on the corporate business by tying up its bank accounts through trustee proc-

ess. No equitable powers such as are contemplated by this argument are vested in a judge considering either an original motion for attachment or a motion for dissolution of an *ex parte* attachment.

Historically, a plaintiff could attach real estate and tangible personal property and could trustee goods and credits of the defendant without any intervention by a court. The Maine Rules of Civil Procedure as originally adopted to be effective on December 1, 1959, carried forward this time-honored extra-judicial practice. *See* Field & McKusick, *Maine Civil Practice* §§ 4A.3, 4B.7 (1st ed. 1959). Effective January 1, 1973, the Supreme Judicial Court—in order to comply with the due process requirements then recently declared by *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)—amended the rules to make a court order a precondition to any attachment. As amended, Rules 4A(c) and 4B(c) required, for issuance of any attachment order, a court finding "that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment [or trustee process] over and above the aggregate of any liability insurance, bond, or other security, and any property or credits attached by [other] writ of attachment or by [other] trustee process shown by the defendant to be available to satisfy the judgment." Beyond this required finding, the rule laid down no substantive requirement—and due process imposes nothing further. Although after making that finding the court may properly exercise some limited discretion to select the particular property or credits to be attached up to the amount of the "reasonably likely" judgment, the court has no discretion to deny an attachment on the sole ground that to do so would be "inequitable." *See Dartmouth Co. v. Day's, Inc.*, 419 A.2d 366, 367 n. 1 (Me.1980).

On the facts of the case at bar, the Superior Court, having found that the attachment plaintiffs had a reasonable likelihood

of recovering a judgment of at least $20,-000, could not deny a trustee process attachment in that amount, in the face of the complete lack of any showing of other security by real estate attachment or otherwise for that judgment.

The entry is:

Order of the Superior Court dissolving attachments by trustee process vacated.

Remanded for entry of an order denying the motion for dissolution of the *ex parte* attachments.

All concurring.