## PEOPLES SAVINGS BANK

v.

## Robert W. SPENCER, et al.

Supreme Judicial Court of Maine.

Argued Jan. 16, 1984.

Decided Oct. 10, 1984.

Isaacson, Isaacson & Hark, Ronald L. Bissonnette (orally), Philip M. Isaacson, Lewiston, for plaintiff.

Hardy, Wolf & Downing, P.A., Thomas R. Downing (orally), William P. Hardy, Lewiston, for defendants.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

ROBERTS, Justice.

Mortgagors Robert W. and Evelyn H. Spencer appeal from judgments entered against them in Superior Court, Androscoggin County, on motions of Peoples Savings Bank, mortgagee, for deficiency assessments pursuant to 14 M.R.S.A. § 6324 (Supp.1983). Because the bank had been

the purchaser at the foreclosure sale, the statute requires that any deficiency judgment be limited to the difference between fair market value of the property and the sum due the bank on the mortgage note plus interest and expenses of sale. The mortgagors contend that the Superior Court erred in accepting the bank's appraisal report. In the absence of any record of the Spencers' challenge to that report, we affirm the judgment.

Following a judicial foreclosure and sale pursuant to 14 M.R.S.A. §§ 6321–6325 (Supp.1983), the bank filed two unsworn documents entitled "REPORT OF PUBLIC SALE AND DISBURSEMENTS AND APPLICATION OF PROCEEDS AND MOTION FOR ASSESSMENT OF DEFICIENCY AND ISSUANCE OF EXECUTION (14 M.R.S.A. § 6324)." Attached to the motions were unsworn appraisal reports upon the letterhead of "Appraisal Services" along with other documentation. At the same time, the bank noticed those matters for hearing. The Spencers filed no motion contesting either report. Instead, they appeared through counsel on the day of the hearing. Thereafter, the court entered orders assessing each deficiency in the amount requested and directing the entry of judgments. Each order contains the following recital: "[U]pon hearing of said motion, it appearing no lawful objection to the deficiency judgment having been shown,

and due notice having been given ...." Judgments totaling in excess of fifteen thousand dollars were entered pursuant to the court's direction.

The Spencers challenge the sufficiency of the appraisals as well as the sufficiency of the procedure by which the court assessed the deficiency against them. They complain that they were denied the opportunity to challenge the appraisals and to present their own evidence. The bank responds that the Spencers "submitted no appraisal at the hearing, and they produced no expert to testify as to the value of the property." The bank likens the procedure for assessment of a deficiency to a motion for summary judgment. Citing *Merrill Trust Co. v. State*, 417 A.2d 435 (Me.1980), the bank argues that the factfinder was entitled to evaluate the expert appraisals and suggests that, in the absence of a record of the hearing, we must presume that the evidence was sufficient to support the judgment.

■ We reject both arguments because they are premised upon incorrect interpretations of 14 M.R.S.A. § 6324 (Supp.1983).[1] We conclude that the Legislature did not intend that in such cases the court make a separate determination of fair market value. The statutory scheme clearly contemplates that the foreclosure sale will ordinarily determine fair market value and any deficiency may be assessed accordingly.

---

1. 14 M.R.S.A. § 6324 (Supp.1983) reads as follows:

After first deducting the expenses incurred in making the sale, the mortgagee shall disburse the remaining proceeds in accordance with the provisions of the judgment. The mortgagee shall file a report of the sale and the disbursement of the proceeds therefrom with the court and shall mail a copy to the mortgagor at his last known address. This report need not be accepted or approved by the court, provided that the mortgagor or any other party in interest may contest the accounting by motion filed within 30 days of receipt of the report, but any such challenge shall be for money only and shall not affect the title to the real estate purchased by the highest bidder at the public sale. Any deficiency shall be assessed against the mortgagor and an execution shall be issued by the court therefor. In the event the mortgagee has been the purchaser at the public sale, any deficiency shall be limited to the difference between the fair market value of the premises at the time of the public sale, as established by an independent appraisal, and the sum due the mortgagee as established by the court with interest plus the expenses incurred in making the sale. Any surplus shall be paid to the mortgagor, his successors, heirs or assigns in the proceeding. If the mortgagor has not appeared personally or by an attorney, the surplus shall be paid to the clerk of courts, who shall hold the surplus in escrow for 6 months for the benefit of the mortgagor, his successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund.

As a protection against a self-dealing mortgagee, however, the Legislature inserted the requirement of an independent appraisal to establish fair market value. When a purchasing mortgagee files a report of the sale accompanied by an appraisal, section 6324 requires the entry of a deficiency judgment unless the mortgagor (or other party in interest) files a motion objecting to the accounting within 30 days of his receipt of the report. That objection, of course, might well include a challenge to the independence of the mortgagee's appraisal. Upon the record now before us we need not decide whether or how a deficiency may be assessed against a mortgagor who successfully challenges the mortgagee's appraisal.

■ We recognize that in this civil action, if there was no objection by the bank, the trial court might well have permitted the Spencers to challenge the report orally at the hearing on the bank's motion. Nevertheless, without either written objection pursuant to section 6324 or a transcript of any oral objections, we must hold that the Spencers have failed to preserve an issue for appellate review. We agree with the observation of the trial court that "no lawful objection to the deficiency judgment [has] been shown ...."[2]

The entry is:

Judgments affirmed.

All concurring.

---

**2.** *Kennebec Savings Bank v. Chandler* 447 A.2d 824 (Me.1982), involved a trial of the issue of fair market value by the consent of the parties.

The opinion holds neither that trial was required nor that it was permitted except by consent.