Victoria SWEENEY individually and
as Mother and Next Friend of
Two Minor Children

v.

HOPE HOUSE, INC.

Supreme Judicial Court of Maine.

Submitted on Briefs March 16, 1995.
Decided April 13, 1995.

Benjamin P. Townsend, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for plaintiff.

William B. Devoe, Eaton, Peabody, Bradford & Veague, P.A., Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Plaintiff, Victoria Sweeney, appeals from an order entered in the Superior Court (Penobscot County, *Marsano, J.*) denying her motion for approval of attachment and attachment on trustee process against defendant Hope House, Inc. She argues that the court abused its discretion in denying the attachment on public policy grounds. We agree and vacate the court's denial of her motion.

Sweeney, individually and as mother and next friend of her two sons, brought an action for negligence against Hope House alleging that it breached its duty to take reasonable precautions to protect her two young sons. Hope House is a non-profit institution providing emergency shelter, detoxification, and rehabilitation for the chemically dependent. Sweeney filed a motion for attachment and attachment on trustee process with supporting affidavit against Hope House's property in the amount of $425,000. Hope House filed no opposing affidavit. According to Sweeney's affidavit, on March 29, 1992, she visited her brother at Hope House with her two minor children. While there, her children were sexually assaulted by one of Hope House's residents. The resident was subsequently convicted of two counts of unlawful sexual contact.

Hope House filed a motion to dismiss Sweeney's complaint on the basis of charitable immunity. After a hearing on that motion and Sweeney's motion for attachment, the court denied both motions.[1] The court stated in its decision that Sweeney "filed motions, supported by affidavits, that are unrebutted, which meet the requirement of Rule 4A and Rule 4B of the Maine Rules of Civil Procedure." The court, however, denied the motion for an attachment on public policy grounds. Sweeney appeals.

*Denial of Motion for Attachment and Trustee Process*

 An order denying a motion for approval of attachment and trustee process is immediately appealable as an exception to the final judgment rule. *See Foley v. Jacques*, 627 A.2d 1008, 1009 (Me.1993). We review for clear error and an abuse of discretion. *Ford Motor Credit Co. v. Thompson Machine, Inc.*, 615 A.2d 608, 609 (Me.1992). In the present case, the court made the following findings:

> [T]he Plaintiff really seeks relief from the stream of public dollars. As thus postured, no good reason suggests that the Plaintiff should be allowed to interrupt Hope House's publicly supported work by appropriating budgeted funds to her potential purposes....

> Here Plaintiff seeks relief for actions covered by the alleged negligence of a publicly supported effort. She will have to rely on the public to preserve the stream of money needed to satisfy any judgment she may receive. If this result drags forward a portion of the concept of charitable immunity, so be it. The public may commit *future* funds for Plaintiff's benefit if she prevails or it may not. But this Court is of the view that public funding should not be interrupted at the present time; it is bad public policy. And since the Court has discretion to deny the requested relief, the Plaintiff's Motion for Attachment and Trustee Process is DENIED.

Sweeney argues that the court abused its discretion in interpreting the prejudgment attachment rules and statutes to confer discretion to deny an attachment because of equitable considerations.

 In *Maine Nat'l Bank v. Anderschat*, 462 A.2d 482, 484 (Me.1983), we rejected the defendants' argument "that the Superior Court justice was justified in dissolving the trustee process ... because of equitable considerations, such as the greater economic

---

1. The denial of Hope House's motion to dismiss is not at issue in this appeal.

harm worked on the corporate business by tying up its bank accounts through trustee process." We noted that no such equitable powers are vested in a court considering either an original motion for attachment or a motion for dissolution of an *ex parte* attachment.[2] *Id.* at 484. Based on the uncontradicted affidavit in this case, the court found that Sweeney had met the requirements of M.R.Civ.P. 4A and 4B. The court had no discretion at that point to deny the motion for attachment and trustee process based on a policy of protecting public financial support for Hope House from interruption.

### Assault and Battery Exception

Sweeney also argues that we should instruct the court that trustee process may not be denied on the basis of the assault and battery exception contained in 14 M.R.S.A. § 2601 (1980) and M.R.Civ.P. 4B(a). Because the court found that neither an attachment nor a summons of trustee process should issue, it declined to reach the issue of the applicability of the assault and battery exception. Because the issue will arise again on remand, in the interest of judicial economy we accept the parties' request for a ruling.

Sweeney contends that the assault and battery exception does not bar attachment on trustee process because her negligence claim against Hope House is distinct from any possible assault and battery claim. We agree. Trustee process is allowed in any personal action "except actions only for specific recovery of goods and chattels, for malicious prosecution, for slander by writing or speaking, or for assault and battery." 14 M.R.S.A. § 2601; M.R.Civ.P. 4B(a). In *Calvert v. Corthell*, 599 A.2d 69, 72 (Me.1991), we construed the slander exception in the statute and rule, and found that "[j]oining a defamation claim with a claim of intentional infliction of emotional distress does not prevent the use of trustee process on the nonexcepted claim." Sweeney's claim against Hope House is for negligence; any possible claim based on sexual assault and battery

would be against the assailant himself and is independent of her claims in this action. We find that the assault and battery exception should not bar trustee process in this negligence action.

On remand, the court will be required to consider the aggregate amount of the attachment and trustee process in accord with M.R.Civ.P. 4A and 4B.

The entry is:

Order denying motion for approval of attachment and attachment on trustee process vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

**2.** A court, however, may properly exercise some limited discretion in selecting the particular property or credits to be attached up to the amount of the "more likely than not" judgment. *See Anderschat,* 462 A.2d at 484.