2003 ME 91

**Robyn LINDNER**

v.

**Jeffrey A. BARRY et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 26, 2003.

Decided: July 18, 2003.

Joseph W. Corrigan, Preti Flaherty Beliveau Pachios & Haley, LLC, Portland, for plaintiff.

Mary Platt Cooper, Harmon, Jones, Sanford & Elliott, LLP, Camden, for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Jeffrey A. Barry and Destra Risk Management, Ltd. appeal from an order entered in the Superior Court (Knox County, *Warren, J.*) granting Robyn Lindner's request to increase her attachment and to continue trustee process against the Gresham Group, Inc. as trustee. Barry and Destra assert that Lindner failed to support her motion to increase the attachment amount with an affidavit, as required by M.R. Civ. P. 4A(c) and 4A(i), and the Superior Court erred and exceeded the bounds of its discretion by granting her request without a supporting affidavit. We agree and vacate the Superior Court's order.

[¶ 2] Lindner filed a motion to increase a previously ordered attachment and trustee process pursuant to M.R. Civ. P. 4A and 4B.[1] Her motion was supported by copies of Nevada state court decisions in litigation involving Lindner and Barry, which, she argued, supported a finding that Barry had fraudulently transferred assets to avoid his spousal and child support obligations. Lindner further contended that these Nevada decisions supported seeking double damages on the Nevada court's spousal and child support arrearage judgments pursuant to 14 M.R.S.A. § 3578(1)(C)(3) (2003),[2] of the Uniform Fraudulent Transfer Act, *id.* §§ 3571–3582 (2003). She did not support her request with an affidavit.

[¶ 3] Orders for attachment or trustee process are reviewed for an abuse of discretion or clear error. *Plourde v. Plourde,* 678 A.2d 1032, 1034 (Me.1996). Although prejudgment orders for attachment are interlocutory, we may entertain an appeal from an order granting or denying an attachment or a trustee process pursuant to the collateral order exception. *Vogt v. Churchill,* 679 A.2d 522, 524 (Me. 1996).

1. M.R. Civ. P. 4A(c) provides, in part:

   An attachment of property shall be sought by filing with the complaint a motion for approval of the attachment. The motion *shall be* supported by *affidavit or affidavits* meeting the requirements set forth in subdivision (i) of this rule.
   (Emphasis added.)
   Subdivision 4A(i) provides:
   **(i) Requirements for Affidavits.** Affidavits required by this rule shall set forth specific facts sufficient to warrant the required findings and shall be upon the affiant's own knowledge, information or belief; and, so far as upon information and belief, shall state that the affiant believes this information to be true.
   M.R. Civ. P. 4B(c) provides, in part:
   Trustee process shall be sought by filing with the complaint a motion for approval of attachment on trustee process. The motion shall be supported by affidavit or affidavits meeting the requirements set forth in Rule 4A(i).

2. 14 M.R.S.A. § 3578 (2003) provides, in pertinent part:

   **1. Action for relief.** In any action for relief against a transfer or obligation under this Act, a creditor, subject to the limitations provided in section 3579, may obtain:
   . . . .
   **B.** An attachment, trustee process or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by law; or
   **C.** Subject to applicable principles of equity and in accordance with applicable civil rules of procedure:
   . . . .
   (3) Damages in an amount not to exceed double the value of the property transferred or concealed . . . .

[¶ 4] The Uniform Fraudulent Transfer Act expressly authorizes prejudgment attachment, but makes this remedy contingent upon compliance with the Maine Rules of Civil Procedure. *See* 14 M.R.S.A. § 3578(1)(B) (2003); *FDIC v. Proia,* 663 A.2d 1252, 1253 (Me.1995). The Civil Rules, in turn, require that a motion for attachment "shall be supported by affidavit or affidavits meeting the requirements set forth in subdivision (i) of this rule." M.R. Civ. P. 4A(c); *see* M.R. Civ. P. 4B(c). "Because prejudgment attachment may operate harshly upon the party against whom it is sought, there must be strict compliance with the procedures prescribed by legislation and implemented by court rules." *Wilson v. DelPapa,* 634 A.2d 1252, 1254 (Me.1993); *see also Vogt,* 679 A.2d at 523 ("A plaintiff is required to submit affidavits in support of a motion for the approval of an attachment.").

[¶ 5] Lindner's motion to increase the attachment amount was deficient because she failed to file a supporting affidavit. *See* M.R. Civ. P. 4A(c), 4B(c). The Superior Court, therefore, exceeded the bounds of its discretion when it granted Lindner's motion without requiring her to provide a supporting affidavit, as required by Rules 4A(c) and 4B(c). *See Wilson,* 634 A.2d at 1254 (stating that motions for attachment must be supported by affidavit evidence).

The entry is:

Order of attachment vacated.