STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-05-422

HANCOCK CONSTRUCTION
FINANCING, LLC

Plaintiff

v.                                                          ORDER

FRANK PURSER,

Defendant

Plaintiff's motion for an attachment in the amount of $ 57,162.61 is based on an affidavit that states that defendant Frank Purser personally guaranteed certain obligations of Windemere Homes, LLC in the total amount of $545,000, that Windemere defaulted, and that Purser owes $57,162.61. No explanation is offered in the affidavit as to how the $57,162 figure was arrived at.

The complaint in this case does contain an explanation as to how the $57,162.61 figure was calculated. However, the court construes M.R.Civ.P. 4A(i) as requiring that the specific facts supporting an attachment must be set forth in the supporting affidavit. See Lindner v. Barry, 2003 ME 91 ¶5, 828 A.2d 788, 790. Because the defect appears to be purely technical, the court will deny plaintiff's motion without prejudice to renewal if based upon a sufficient affidavit.

The entry shall be:

Plaintiff's motion for an attachment is denied without prejudice. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October 4, 2005

Thomas D. Warren
Justice, Superior Court

JOHN MCVEIGH, ESQ.
PO BOX 9546
PORTLAND, ME 04112-9546

*Def.*

WENDY PARADIS, ESQ.
PO BOX 9729
PORTLAND, ME 04104-5029

*P(*