MAINE SUPREME JUDICIAL COURT                                 Reporter of Decisions
Decision:      2015 ME 101
Docket:        Cum-14-506
Submitted
 On Briefs:    July 1, 2015
Decided:       August 4, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and HJELM, JJ.

LIBBY O'BRIEN KINGSLEY & CHAMPION, LLC

v.

SHARON E. BLANCHARD

PER CURIAM

[¶1]   Sharon E. Blanchard appeals from an order of the District Court (Portland, *Eggert, J.*) approving attachment, including attachment on trustee process, against her real and personal property based on a complaint for breach of contract filed by Libby O'Brien Kingsley & Champion, LLC (LOKC).  Blanchard appears to challenge the court's findings in support of attachment and trustee process.[1]  Because the court's findings are supported by competent evidence in the motion record, we affirm.

---

[1]  Although appeals from prejudgment orders of attachment are considered interlocutory, we have held that orders granting or denying attachment and trustee process "are immediately appealable pursuant to the collateral order exception to the final judgment rule." *Centrix Bank & Trust v. Kehl*, 2012 ME 52, ¶ 13, 40 A.3d 942.  Accordingly, we denied LOKC's motion to dismiss this appeal, which mistakenly referred to the order of attachment as being an ex parte order. *See Mitchell v. Lavigne*, 2001 ME 67, ¶¶ 4-6, 770 A.2d 109 (holding that a party must move to dissolve or modify an ex parte order of attachment pursuant to M.R. Civ. P. 4A(h) before the party can appeal the ex parte order).

2

[¶2]    LOKC filed its initial complaint for breach of contract against Blanchard in October 2014, seeking $39,945.22[2] in unpaid attorney fees, costs, and late fees.[3]  LOKC simultaneously filed a motion for approval of attachment and trustee process against Blanchard's property pursuant to M.R. Civ. P. 4A and 4B, accompanied by a supporting affidavit of the attorney with whom Blanchard had allegedly contracted for legal services.  *See* M.R. Civ. P. 4A(c), 4B(c).

[¶3]  The supporting affidavit complied fully with M.R. Civ. P. 4A and 4B. It set forth specific facts regarding the parties' contract, the extent of services provided, and the amount of unpaid fees.  The affiant averred, based on his own knowledge, information, or belief, that (1) it was more likely than not that LOKC would recover judgment in an amount equal to or greater than the requested sum of attachment; (2) no liability insurance would cover Blanchard's breach of contract; (3) no other property attached by another writ of attachment was available to satisfy the judgment; (4) LOKC notified Blanchard of her right to arbitration

---

[2]  LOKC's motion for attachment and trustee process includes a minor typographical error in which it states that Blanchard owes LOKC $39,945.52, but sought attachment to be made in the amount of $39,945.22.  The court approved attachment of the latter amount.

[3]  In addition to the $39,945.22 in unpaid fees sought, the record suggests that Blanchard had paid LOKC a retainer of $5,000 to begin representation in a divorce proceeding.  LOKC's representation of Blanchard in the divorce appears to have lasted for about ten months before being terminated for nonpayment of fees prior to completion of the divorce action.  Rule 1.5(g) of the Maine Rules of Professional Conduct requires that lawyers, upon request of the client, submit any fee dispute to fee arbitration pursuant to former Maine Bar Rule 9 (Tower 2014).  The record indicates that LOKC advised Blanchard of her right to fee arbitration prior to commencing this action.  The Maine Bar Rules were repealed and replaced effective July 1, 2015.  Fee arbitration is now addressed by Maine Bar Rule 7 (effective July 1, 2015).

pursuant to the Maine Bar Rules; and (5) so far as the affidavit was based upon information and belief, the affiant believed this information to be true. *See* M.R. Civ. P. 4A(c) (listing the requisite findings to support an order of attachment); M.R. Civ. P. 4A(i) (establishing requirements for the contents of Rule 4A affidavits); M.R. Civ. P. 4B(c) (requiring the same of Rule 4B affidavits).

[¶4] Blanchard filed a very brief letter objecting to LOKC's motion and the allegations contained therein. She did not include with her letter a memorandum, supporting affidavit, or any other supporting documentation as required by M.R. Civ. P. 7(c)(1). The court could properly determine that Blanchard had waived her objection to the motion, and accordingly, it considered the merits of the attachment motion without a hearing. *See* M.R. Civ. P. 4A(c), 4B(c); *S. Me. Props. Co. v. Johnson*, 1999 ME 37, ¶ 8, 724 A.2d 1255 (stating that a formal hearing with oral argument is not required for a court to rule on an attachment motion); *see also Clearwater Artesian Well Co. v. LaGrandeur*, 2007 ME 11, ¶ 8, 912 A.2d 1252 (reiterating our approach that "self-represented litigants are afforded no special consideration in procedural matters"); *cf. First Citizens Bank v. M.R. Doody, Inc.*, 669 A.2d 743, 744 & n.2 (Me. 1995). In November 2014, the court ordered attachment and trustee process against Blanchard's real and personal property.

4

[¶5]  We review orders for attachment and trustee process for an abuse of discretion or clear error.  *Lindner v. Barry*, 2003 ME 91, ¶ 3, 828 A.2d 788.  To order either attachment or trustee process, the court must find

> that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance, bond, or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment.

M.R. Civ. P. 4A(c); *see also* M.R. Civ. P. 4B(c).  "We will not disturb the trial court's findings based on the affidavits unless the affidavits contain no competent evidence to support the finding as to the plaintiffs' likelihood of success."  *Wilson v. DelPapa*, 634 A.2d 1252, 1254 (Me. 1993).

[¶6]  We discern no error in the court's findings that it is more likely than not that LOKC will recover judgment in an amount equal to or greater than the aggregate sum of attachment and that there is no insurance coverage available to satisfy the judgment.  These findings are supported by LOKC's affidavit, which complied with all applicable procedural rules and established facts sufficient to warrant attachment and trustee process.  *See* M.R. Civ. P. 4A(c), (i); M.R.

Civ. P. 4B(c). Accordingly, the court did not err or abuse its discretion by ordering such attachment against Blanchard's property.[4]

The entry is:

Judgment affirmed.

**On the briefs:**

Sharon E. Blanchard, pro se appellant

Gene R. Libby, Esq., Libby O'Brien Kingsley & Champion, LLC, Kennebunk, for appellee Libby O'Brien Kingsley & Champion, LLC

Portland District Court docket number CV-2014-501
FOR CLERK REFERENCE ONLY

---

[4] LOKC argues that we should exercise our discretion to dismiss Blanchard's appeal for Blanchard's failure to file an appendix that complies with the Maine Rules of Appellate Procedure. *See* M.R. App. P. 8(c)(2), (d), (f), (g). We decline to dismiss the appeal.