STATE OF MAINE                                         SUPERIOR COURT
CUMBERLAND, ss.                                        CIVIL ACTION
                                                       Docket No. CV-15-426


LIBBY O'BRIEN KINGSLEY &
CHAMPION, LLC,

STATE OF MAINE
Cumberland ss Clerk's Office

JAN 2 0 2016

RECEIVED

                    Plaintiff

v.                                                                  ORDER

SHARON BLANCHARD,

                    Defendant


Before the court are three motions: (1) a motion by plaintiff Libby O'Brien Kingsley &

Champion LLC (the "Libby law firm") for summary judgment, originally filed November 5,

2014; (2) a motion by the Libby law firm to strike the memorandum of law in opposition to

summary judgment filed by defendant Sharon Blanchard on September 14, 2015; and (3) a

motion by the Libby firm to dismiss Blanchard's counterclaim.


Motion to Strike

The Libby law firm originally filed a motion for summary judgment on November 5,

2014 when this case was pending in the District Court. However, after various proceedings

including an appeal by Blanchard from the attachment obtained by the Libby law firm,[1] the

District Court (Eggert, J.) entered an order on September 17, 2015 granting Blanchard an

extension to October 8, 2015 to file responsive pleadings to the motion for summary judgment.

(In a companion order entered the same date, Judge Eggert also granted Blanchard's motion to

transfer the case to the Superior Court.)

---

[1] See 2015 ME 101, 121 A.3d 109.

In fact, on September 8, 2015 – even before Judge Eggert's September 17 order granting an extension – Blanchard had opposed the Libby firm's motion for summary judgment by filing an Objection to Plaintiff's Statement of Material Facts and an affidavit sworn to on September 2, 2015. On September 10 the Libby firm filed a Reply Memorandum pointing out, *inter alia*, that Blanchard had not filed an opposing memorandum of law to the summary judgment motion. In response, on September 14, 2015 Blanchard filed a memorandum of law in support of her objection to summary judgment.

The Libby law firm's motion to strike that memorandum is granted. Once a party has filed papers opposing a motion for summary judgment and the moving party has filed a reply memorandum, the rules do not permit sur-reply memoranda or any further salvos except by leave of court or except to the extent that those are directed to the reply statement of material facts. *See* M.R.Civ.P. 56(i)(2). Blanchard did not seek leave of court to file her September 14, 2015 memorandum, and no reply statement of material facts was filed that would have permitted a response under Rule 56(i)(2). Blanchard's September 14, 2015 memorandum is therefore stricken.

## Motion for Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. *Id*. Thus, for purposes of summary judgment, any factual disputes must be

2

resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

In this case there are two initial procedural issues. The first is whether Blanchard has waived her opposition to the motion for summary judgment by failing to file a memorandum of law. *See* M.R.Civ.P. 7(c)(2). In the court's view that would constitute too harsh a result. It is apparent from the opposition papers that Blanchard filed on September 8, 2015 – her "Opposition to Plaintiff's Statement of Material Facts" and her Affidavit – that she is opposing summary judgment on the ground that there are disputed issues of fact. If Blanchard has offered adequate record support for the denials in her opposing statement of material facts, the motion for summary judgment should not be granted just because she failed to file a memorandum of law.

The second issue is whether Blanchard's failure to file a statement of additional facts pursuant to the last sentence of Rule 56(h)(2) precludes the court from considering the factual contentions that Blanchard has inserted after admitting certain of the factual assertions made in the Libby law firm's statement of material facts.[2] The court agrees that to the extent that Blanchard is offering new facts, she is required to file a statement of additional material facts. This applies to her assertions (mostly conclusory in nature) that the Libby law firm made material false assurances and violated various bar rules.

---

[2] The Libby firm points out that Blanchard's opposing statement of material facts violates the rule that where the movant's factual assertions are admitted, the opposing statement of material facts shall consist solely of the designation "admitted." *See* M.R.Civ.P. 56(h)(2). In addition, by not filing a statement of additional facts, Blanchard did not provide the Libby firm with an opportunity to file a Reply Statement of Material Facts. *See* M.R.Civ.P. 56(h)(3).

However, Blanchard's contention that she never signed or agreed to the payment terms set forth in the Libby law firm engagement letter is obviously in the nature of a qualification rather than an additional fact. *See* Blanchard Opposition to Plaintiff's Statement of Material Facts ¶ 3; Blanchard Aff. ¶ 4. That qualification is factually supported and is sufficient to demonstrate the existence of at least one disputed issue for trial. The copy of the engagement letter attached to the Libby firm's moving papers has a space for Ms. Blanchard's signature as "seen and agreed," but no signature has been affixed. The motion for summary judgment is therefore denied.

## Motion to Dismiss Counterclaims

Blanchard's counterclaims, contained in the Answer and Counterclaims dated September 1 that were filed on her behalf by counsel,[3] assert that that in the course of representing Ms. Blanchard the Libby law firm violated numerous provisions of the bar rules and is liable to Ms. Blanchard for fraud, misrepresentation, breach of implied contract, negligence, conversion, intentional or negligent interference with advantageous opportunities, and punitive damages.

Other than a conclusory recitation of the bar rules allegedly violated and the torts and contractual violations allegedly committed, Blanchard's counterclaims provide absolutely no facts to support her claims and do not provide the Libby firm with fair notice of her factual contentions. M.R.Civ.P. 9(b) requires that to support averments of fraud, the circumstances constituting the alleged fraud shall be set forth "with particularity," and Blanchard's

---

[3] Blanchard initially represented herself and did so on her appeal from the attachment order. Counsel then appeared for Ms. Blanchard on August 19, 2015, shortly after the Law Court issued its decision on the attachment appeal. She was represented by counsel with respect to all of the motions and pleadings that are presently before the court. In mid-December, however, her counsel filed a motion to withdraw which the court understands is not opposed by Ms. Blanchard. That motion has been granted effective February 1, 2016.

4

counterclaim conspicuously fails to meet that standard. Moreover, even as to those allegations which do not involve fraud or misrepresentation, Blanchard's counterclaims fail to meet the minimal requirements of notice pleading – that a complaint must "allege facts sufficient to demonstrate that the complaining party has been injured in a way that entitles him or her to relief." *Howe v. MMG Insurance Co.,* 2014 ME 78 ¶ 9, 95 A.3d 79.

In response to the Libby firm's motion to dismiss, Blanchard has submitted an affidavit that fleshes out her contentions – asserting that she was falsely informed that Attorney Libby would seek to have her attorneys' fees paid by her husband, that she was falsely informed that the Libby firm would hire a qualified business appraiser, that Attorney Libby signed a stipulation without her approval and with a forged signature, and that he falsely represented that he would obtain spousal support.

A subsequent affidavit cannot substitute for a defective pleading. Accordingly, the Libby law firm's motion to dismiss Blanchard's counterclaims is granted without prejudice to Blanchard's right to file amended counterclaims that set forth the factual basis for her claims so long as any amended counterclaims are filed on or before February 15, 2016.

The entry shall be:

1. Plaintiff's motion to strike the memorandum of law filed by defendant on September 14, 2015 is granted.

2. Plaintiff's motion for summary judgment is denied.

3. Plaintiff's motion to dismiss defendant's counterclaims is granted without prejudice to defendant's right to amend her counterclaims to specify the factual basis for her claims on or before February 15, 2016. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: January 20, 2016.

Thomas D. Warren
Justice, Superior Court