STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-41

NEW ENGLAND INSPECTION INC.,

Plaintiff

v.

ORDER

CASCO BAY STEEL STRUCTURES INC.,

Defendant

REC'D CUMB CLERKS OF
SEP 16 '20 AM 11:28

Before the court is plaintiff New England Inspection Inc.'s motion for attachment and trustee process totaling $ 570,000 against defendant Casco Bay Steel Structures Inc. New England Inspection's claim arises out of lengthy and rather complicated dealings between the two parties, who did business together without a written contract, on various projects.

Attachment and trustee process of property may be made if "it is more likely than not that the plaintiff will recover judgement, including interest and costs, in an amount equal to or greater than the aggregate sum of attachment . . . ." M.R. Civ. P. 4A(c); M.R. Civ. P. 4B(c); *Libby O'Brien Kingsley & Champion, LLC v Blanchard*, 2015 ME 101, ¶ 5, 121 A.3d 109. Accordingly, the movant must show a greater than 50 percent chance of successfully recovering a judgment. *Richardson v. McConologue*, 672 A.2d 599, 600 (Me. 1996). "Motions for attachment must be supported by affidavit evidence." *Lindner v. Barry*, 2003 ME 91, ¶ 5, 828 A.2d 788 (citing *Wilson v. DelPapa*, 634 A.2d 1252, 1254 (Me. 1993)). "In making [its] determination, the court assesses the merits of the complaint and the weight and credibility of the supporting affidavits." *Porrazzo v. Karofsky*, 1998 ME 182, ¶ 7, 714 A.2d 826.

PA=Adam Shub, Esq.
DA=Andrew Sparks, Esq.

The attachment motion turns on whether New England Inspection is owed $ 570,000 for redoing work caused by a paint failure on a project involving reconstruction of Interstate 95 over the West River in New Haven. New England Inspection contends that it also has not been paid for other work. However, as Casco Bay Steel points out, the payments by Casco Bay Steel that are referred to in ¶¶ 22-28 of the Payeur affidavit exactly equal the amounts that New England Inspection contends are owed for other invoices that New England contends remain unpaid.

With respect to the New Haven project, there is a dispute between the Payeur affidavit and the Tait affidavit as to whether Casco Bay Steel ever agreed to pay anything more than $350,000. Exhibits B and I to the Payeur affidavit support Casco Bay's position on that issue.

Whether Casco Bay Steel owes $350,000 depends whether, as Casco Bay Steel contends, New England Inspection should look to Carboline Co., not Casco Bay Steel, for payment. *See* Payeur Ex. J. Carboline is the company that supplied the paint that allegedly failed.

The documentation on that issue indicates that Carboline offered a settlement of $100,000 to Casco Bay Steel plus additional credits to Casco Bay Steel amounting to approximately $280,000. Tait Ex. A. Although there is also documentation that New England Inspection expected to be paid its $350,000 out of Carboline's $380,000 settlement with Casco Bay Steel, Payeur Ex. B, Carboline's proposal to pay Casco Bay Steel supports the conclusion that New England Inspection is not required to look to Carboline for payment.

On this record the court ultimately concludes that it is more likely than not that $350,000 of New England Inspection's claim remains unpaid, that Casco Bay Steel owes that amount to New England Inspection, and that New England Inspection will recover judgment for that amount. The court also finds that there is no insurance, bond, or other security available to satisfy an attachment.

2

Casco Bay Steel has asserted a counterclaim as an offset against any attachment. However, for purposes of a motion for attachment, the court is obliged to disregard the counterclaim asserted by Casco Bay Steel. *See Casco Northern Bank v. New England Sales Inc.*, 573 A.2d 795, 797 (Me. 1990).

The entry shall be:

Plaintiff is entitled to an attachment and attachment on trustee process against defendant Casco Bay Steel in the amount of $350,000. The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: September __11__, 2020

_____
Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 07/14/20
Mcv

3