STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-2023-060

BANGOR SAVINGS BANK,                )
                                    )
            Plaintiff,              )         **ORDER ON PLAINTIFF'S EX**
                                    )         **PARTE MOTION FOR**
      v.                            )         **ATTACHMENT AND**
                                    )         **ATTACHMENT ON TRUSTEE**
TERINA CHASE, STEPHEN               )         **PROCESS**
BAILEY, and WILLIAM NOONE, as       )
Trustees of THE JOHN F. CHASE       )
LIVING TRUST,                       )
                                    )
            Defendants.             )

Before the Court is Plaintiff Bangor Savings Bank's Ex Parte Motion for

Attachment and Attachment on Trustee Process. Pursuant to Maine Rules of Civil

Procedure 4A and 4B, Plaintiff seeks an order approving prejudgment attachment and

trustee process in the amount of $2,077,703.78. For the following reasons, the Court grants

Plaintiff's motion.

I.    **Facts**

Plaintiff is a savings bank organized under the laws of the State of Maine, having

a place of business in Portland, Cumberland County, Maine. (Hahn Aff. ¶ 1.) The John F.

Chase Living Trust dated November 29, 2001 (the "Trust") is a revocable trust governed

by the Maine Uniform Trust Code, 18-B M.R.S. §§ 101-1229, established by John F. Chase,

the sole trustee. (Hahn Aff. ¶ 2.)

Defendants Terina Chase, Stephen Bailey, and William Noone (the "Trustees")

succeeded Mr. Chase as trustees upon Mr. Chase's death on September 16, 2022. (Hahn

Aff. ¶ 3.) The Trustees are also personal representatives for Mr. Chase's Estate. (Hahn

Aff. ¶ 4.) The Trustees have discretion, pursuant to the terms of the Trust, to pay Mr.

REC'D CUMB CLERKS OFC
MAR 9 '23 PM 1:27

Chase's debts. (Hahn Aff. ¶ 21; Pl.'s Ex. G.) Mr. Chase's residuary estate was transferred to the Trust upon his death, pursuant to his will. (Hahn Aff. ¶ 10.)

Mr. Chase was a principal of Chase Custom Homes & Finance, Inc. ("CCHF"). (Hahn Aff. ¶ 8.) On July 28, 2006, CCHF executed and delivered to Plaintiff a promissory note in the original principal amount of $1,000,000 (the "Note"). (Hahn Aff. ¶ 5.) On the same date, Mr. Chase executed and delivered to Plaintiff a commercial guaranty (the "Guaranty"), guarantying payment and performance of all debt owed by CCHF to Plaintiff, including the Note. (Hahn Aff. ¶¶ 6, 7.) The Note was subsequently modified by agreement to increase the principal and extend the maturity date. (Hahn Aff. ¶ 5.)

On November 29, 2022, Plaintiff served CCHF with a Notice of Acceleration and Demand for Payment and submitted a claim against Mr. Chase's Estate for payment of the outstanding amount. (Hahn Aff. ¶ 12.) CCHF failed to pay the amount due on the Note. (Hahn Aff. ¶ 13.) On January 25, 2023, the Estate disallowed the probate claim. (Hahn Aff. ¶ 15.) Plaintiff asserts that Mr. Chase and his Estate are in breach of the Guaranty by failing to pay the amount due on the Note upon demand. (Hahn Aff. ¶ 16.)

As of February 10, 2023, the amount due on the Note is $2,057,703.78, in addition to interest, fees, and costs of collection. (Hahn Aff. ¶ 17.) The terms of the Guaranty allow Plaintiff to recover its attorneys' fees and other expenses of enforcement, which Plaintiff estimates will total at least $20,000. (Hahn Aff. ¶¶ 18, 19.)

The assets in the Estate, as shown in the Probate Inventory for the Estate, are insufficient to satisfy a judgment in Plaintiff's favor for the amount due under the Note. (Hahn Aff. ¶ 20; Pl.'s Ex. F.) To Plaintiff's knowledge, Mr. Chase and CCHF incurred tens of millions of dollars of liabilities, and there are many competing claims against CCHF and the Estate. (Hahn Aff. ¶ 22.)

## II.    Legal Standard

Motions for attachment and trustee process must be supported by affidavit evidence that sets forth "specific facts sufficient to warrant the required findings." M.R. Civ. P. 4A(c), (i); M.R. Civ. P. 4B(c). The moving party must establish that it is more likely than not that they will recover judgment in an amount that equals or exceeds the aggregate sum of the attachment and other available security.[1] M.R. Civ. P. 4A(c); *Libby O'Brien Kingsley & Champion, LLC v. Blanchard*, 2015 ME 101, ¶ 5, 121 A.3d 109. "Because prejudgment attachment may operate harshly upon the party against whom it is sought, there must be strict compliance with the procedures prescribed by legislation and implemented by court rules." *Lindner v. Barry*, 2003 ME 91, ¶ 4, 828 A.2d 788 (quoting *Wilson v. DelPapa*, 634 A.2d 1252, 1255 (Me. 1993)). When entertaining a motion for attachment, the Court reviews and assigns weight to affidavit evidence in the same manner that it does for other evidence. *Wilson*, 634 A.2d at 1254.

To obtain an ex parte order approving attachment and trustee process, a plaintiff must also show by affidavit evidence that either:

> (i) there is a clear danger that the defendant if notified in advance of attachment of the property will remove it from the state or will conceal it or will otherwise make it unavailable to satisfy a judgment, or (ii) there is immediate danger that the defendant will damage or destroy the property to be attached.

M.R. Civ. P. 4A(g); *see* M.R. Civ. P. 4B(i).

## III. Discussion

Plaintiff's Complaint consists of five counts.[2] In Count I, Plaintiff asserts that the amount due under the Note may be recovered from the Trust pursuant to the Maine

---

[1] Other available security includes "any liability insurance, bond, or other security, and any property or credits attached by other write of attachment or by trustee process shown by the defendant to be available to satisfy the judgment." M.R. Civ. P. 4A(c).

[2] Because the Court finds that it is more likely than not that Plaintiff will prevail on Count I in an amount at least equal to the amount of the attachment, it need not address the remaining counts of Plaintiff's Complaint.

Uniform Trust Code. 18-B M.R.S. § 505(1)(C) provides:

> After the death of a settlor, and subject to the settlor's right to direct the source from which liabilities will be paid, the property of a trust that was revocable at the settlor's death is subject to claims of the settlor's creditors, costs of administration of the settlor's estate, the expenses of the settlor's funeral and disposal of remains, and statutory allowances to a surviving spouse and children to the extent the settlor's probate estate is inadequate to satisfy those claims, costs, expenses and allowances.

Plaintiff has demonstrated the existence of competent evidence that would support the following findings: (1) there was an enforceable agreement between Mr. Chase and Plaintiff (the Guaranty); (2) Mr. Chase or his Estate breached that agreement when it failed to pay the amount due under the Note upon demand after CCHF's default; (3) the amount due on the Note is $2,057,703.78 as of February 10, 2023; and (4) the terms of the Guaranty allow Plaintiff to recover its attorneys' fees and other expenses of enforcement. Pursuant to 18-B M.R.S. § 505, the Trust's property may be available to satisfy a judgment in Plaintiff's favor because the probate estate is inadequate to satisfy the Estate's debts. Plaintiff has demonstrated that it is more likely than not that it will be able to recover at least $2,077,703.78 from the Trust.

Finally, the existence of many competing claims against the Estate and the discretion of the Trustees to expend funds from the Trust for the Estate's debts establishes a clear danger that, if the Trustees were notified in advance, the Trustees may make the Trust's property unavailable to satisfy a judgment in Plaintiff's favor.

## IV. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion.

The entry is:

Plaintiff Bangor Savings Bank's Ex Parte Motion for Attachment and Attachment on Trustee Process is GRANTED. The Court approves attachment and attachment on trustee process against the property and assets of the John F. Chase Living Trust in the amount of $2,077,703.78.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 3/9/23

MaryGay Kennedy, Justice
Maine Superior Court