STATE OF MAINE                              SUPERIOR COURT
CUMBERLAND, ss.                             CIVIL ACTION
                                            DOCKET NO.: RE-21-28

DEVGRU FINANCIAL, LLC,                )
                                      )
        Plaintiff                     )
                                      )
v.                                    )      **FINAL JUDGMENT**
                                      )
LADO LODOKA a/k/a LADO L. LODOKA      )
a/k/a LADO LODOKA a/k/a LADO JOSEPH   )      Title to Real Estate is Involved
and ZERO FENWAY, LLC,                 )
                                      )
        Defendants                    )

On May 17, 2022, the Court GRANTED Plaintiff's Motion for Partial Summary

Judgment. That Order is incorporated herein by specific reference. After the May 9, 2023

hearing on damages, Plaintiff represented by John A. Turcotte, Esq. and Defendant represented

by Mark Kearns, Esq., the Court hereby further FINDS, ADJUDGES and ORDERS:

1. In accordance with Title 14 M.R.S.A. § 2401, the Courts finds the following:

2. There are four (4) parcels of real property at issue:

   • 560 Main Street, South Portland, Maine;

   • 3 Horton Place, Portland, Maine;

   • 1342 Intervale Road, New Gloucester, Maine;

   • Lot 13, Warren Shores, Gray, Maine.

3. In the matter of *DEVGRU Financial, LLC v. Lado L. Lodoka*, Docket No.: PORSC-CV-

   19-175 (Nov. 9th, 2020), Plaintiff obtained Judgment against Defendant Lado L. Lodoka

   in the total amount of $75,564.30 (hereinafter "the Judgment").

Entered on the Docket: 5/17/2023                              1

REC'D CUMB CLERKS OFC
MAY 17 '23 PM1:50

4. On November 30, 2020, Defendant Lado L. Lodoka conveyed all four (4) properties from himself to Zero Fenway, LLC, a Maine limited liability company solely owned by Lado L. Lodoka. Specifically:

- 560 Main Street, Portland was conveyed by way of deed recorded in the Cumberland County Registry of Deeds at Book 37518, Page 15.

- 3 Horton Place, Portland was conveyed by way of deed recorded in the Cumberland County Registry of Deeds at Book 37518, Page 18.

- 1342 Intervale Road, New Gloucester was conveyed by way of deed recorded in the Cumberland County Registry of Deeds at Book 37518, Page 16.

- Lot 13, Warren Shores, Gray (also identified as Robert Road by the Town of Gray Tax Assessor) was conveyed by way of deed recorded in the Cumberland County Registry of Deeds at Book 37518, Page 14 (hereinafter the "Gray Property").

5. These four (4) transfers were made without receipt of reasonably equivalent value and were done with the intent to hinder or delay Plaintiff's execution of the Judgment. Therefore, these were fraudulent transfers made in violation of Maine's Fraudulent Transfer Act, 14 M.R.S.A. § 3571, *et seq.*

6. Pursuant to the May 17, 2022 Order and 14 M.R.S.A. § 3578(1)(A), the transfer of the Gray Property, being the property conveyed by a deed recorded in the Cumberland County Registry of Deeds at Book 37518, Page 14, is hereby AVOIDED.

7. The testimony established that the Gray property is unencumbered and valued at $250,000. Title in the remaining properties remains the same. 14 M.R.S.A. § 3578(1)(A)(court may void transfers "to the extent necessary to satisfy the creditor's claim.")

8. Title to the Gray Property hereby vests solely in Defendant Lado L. Lodoka.

9. The court finds that an injunction barring Ladoka from further encumbering the property is necessary to prevent irreparable injury to the Plaintiff and that the balancing of harms favors an injunction. Pursuant to 14 M.R.S.A. § 3578(1)(C)(1), Defendant Lado L. Lodoka is hereby enjoined from further encumbering the Gray Property described herein without the prior written consent of Plaintiff and is further enjoined from transferring said property to anyone other than an unrelated third-party purchaser for fair market value without the written consent of Plaintiff.

10. Pursuant to 14 M.R.S.A. § 3578(1)(C)(3) and (4), in the context of a fraudulent transfer judgment, "the loss or injury to a creditor is necessarily twofold: the amount of the creditor's underlying claim and additional expenses such as attorney fees or costs incurred in locating the fraudulently transferred asset and in prosecuting an action for fraudulent transfer." *Samsara Mem'l Trust v. Kelly*, 2014 ME 107, ¶ 48, 102 A.3d 757, 773. Those costs and reasonable attorney's fees are recoverable as damages. *See id.* at ¶ 50, 774. The Plaintiff does not seek and is not awarded damages other than attorneys fees and costs. 14 M.R.S.A. 3578(C)(3).

11. The limit of damages available under Maine's Uniform Fraudulent Transfer Act is twice the value of the transferred assets. 14 M.R.S.A. § 3578(1)(C)(3). Defendants admitted that the total fair market value of the four (4) properties was at least $1,325,000.00, less encumbrances totaling $683,964.71. Therefore, the net value of the assets transferred was $641,035.29.[1] *See* May 17, 2022 Order at p. 2.

---

[1] The Gray Property is unencumbered.

12. Accordingly, Plaintiff is awarded costs in the amount of $590.00, and attorney's fees in the amount of $23,897.75 against the Defendants, jointly and severally. Execution to issue immediately.

13. The parties and counsel of record's addresses are as follows:

Plaintiff's mailing address is 1766 W 46th Avenue, #11677, Denver, CO 80211 Attn: Herb Dorn

Plaintiff is represented by John A. Turcotte, Esq, 7 Ocean Street, South Portland, ME 04106.

Defendants' address is P.O. Box 3791, Portland, ME 04104.

Defendants are represented by Mark Kearns, Esq., 9672 Warburton Drive. Huntington Beach, CA 92646

14. Plaintiff shall be responsible for promptly recording an attested copy of this Judgment in the Cumberland County Registry of Deeds and for the cost thereof.

15. The Clerk shall incorporate this Judgment into the docket by specific reference.

**IT IS SO ORDERED**.

DATE: _My 17_, 2023

_____
Justice, Superior Court


**CERTIFICATION**

The applicable period of appeal expired without action by either party,


DATE: _____, 2023

_____
Clerk, Cumberland County Superior Court

4

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-21-0028

DEVGRU FINANCIAL LLC

v.                                                    ORDER

LADO LODOKA,
*et. al.*

REC'D CUMB CLERK'S OFF
APR 28 '21 AM 8:05

Before the court is Defendant's objection to the attachment of his property. On March 30, the court granted Plaintiff's Motion for Ex Parte Attachment. On April 14, the court received an objection to the Motion. The court treats the objection as a Motion to Dissolve Attachment and Attachment on Trustee Process. M.R.Civ.P. 4A(h), 4(B)(j). The Defendant has filed a response. For the reasons described below, the court dissolves the attachment and the attachment by trustee process.

The Plaintiff is alleging a fraudulent conveyance and provided a Superior Court judgment against Lado Lodoka in the amount of $75,564.30 dated November 10, 2021. The Plaintiff also provided four deeds showing conveyances from Lodoka to Zero Fenway, LLC dated November 30. Based on these documents, the court concluded it was more likely than not Lodoka was conveying assets to an insider in order to avoid a creditor.

In their opposition, the Defendants did not dispute the existence of either the judgment or the conveyances. Instead, they argue that because Plaintiffs have a mortgage on Defendant's Horton Street property, there is sufficient security already available. They also argue that the Plaintiff has failed to establish that it is more likely than not Plaintiff will prevail.

To order an attachment, the court must find:

1

it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance, bond, or *other security*, and any property or credits attached by other writ of attachment or by trustee process *shown by the defendant* to be available to satisfy the judgment.

M.R.Civ.P. 4A(c), 4B(c)(emphasis supplied). "The language of Rule 4A appears to place the burden on the defendant of showing the availability of sources other than attachment to satisfy some or all of the judgment likely to be recovered." *Lyman Morse Boatbuilding Co. v. Lee*, 2011 U.S. Dist. LEXIS 83764, *6.[1]

A party seeking attachment must strictly comply with the procedures prescribed by rule. *Lindner v. Barry*, 2003 ME 91, ¶ 4. Those procedures include the requirement that affidavits be submitted in support of the motion. *Id.*

In this case, the Defendant met its burden to provide *prima facie* evidence of the existence of "other security" on the Horton Street property. A mortgage is "other security" under the Rule. Defendant provided evidence that the value of the equity on the Horton Street property exceeds the value of the judgment against the Defendant. The transaction from the Plaintiff to Zero Fenway is subject to the mortgage.

Plaintiff raises substantial concerns whether the "other security" is "available." The court finds, however, that there is insufficient information in front of the court by affidavit to conclude that the "other security" is not available.

Because the court dissolves the attachment because of the existence of "other security," the court does not address the Defendant's argument that Plaintiff failed to meet its burden to show that it was more likely than not that they will prevail on their fraudulent conveyance action.

---

[1] *But see, Citizens Bank N.H. v. Acadia Group*, 2001 ME 41, ¶12 (court dissolves attachment, in part, because *plaintiff* did not "present reliable evidence regarding the collectability of the 'other security.'")

2

The court DISSOLVES the Attachment and Attachment by Trustee Process without prejudice to a new motion.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: _Apr 30, 2021_

_____
Thomas R. McKeon
Justice, Maine Superior Court

Entered on the Docket: 04/30/21
Mcv

3